### ST. CYR v. DAIGNAULT et al.

(District Court, D. Vermont. September 5, 1900.)

BANKRUPTCY—JUDGMENTS AGAINST BANKRUPT—EFFECT OF ADJUDICATION.

Under Bankr. Act 1898, § 67f, which provides that all attachments, judgments, etc., taken against an insolvent within four months prior to the filing of a petition in bankruptcy against him are "to be deemed null and void in case he is adjudged a bankrupt," a judgment so taken is rendered void for all purposes by the adjudication, and no proceedings can ever be had thereon, even in case the bankrupt is refused a discharge, but the creditor is remitted to his original cause of action.

In Bankruptcy. On application for stay of proceedings on judgments against the bankrupt.

Hiram P. Dee, for bankrupt.
C. G. Austin, for defendant.

WHEELER, District Judge. The defendants have taken judgments by default, since the adjudication of bankruptcy, in trustee suits commenced before, and claim the right to proceed upon the judgments hereafter, in case of failure of the bankrupt to obtain a discharge. They can, of course, proceed upon their original causes of action, in case of such a failure; but the judgments, if valid, would be new causes of action arising after the adjudication, and could be proceeded upon at any time, against after-acquired property. But such judgments are, by the express provision of the bankrupt act (section 67f), "to be deemed null and void in case he is adjudged a bankrupt," and not merely in case the bankrupt is discharged; and there is no event upon which the plaintiffs can be entitled to proceed upon these judgments, as such, against the bankrupt. They are now, by force of the act, left to their original causes of action, which will be barred or not according to whether a discharge shall or shall not be granted. All proceedings upon the judgments should therefore be permanently stayed. Stay made permanent.