## CHAMBERS v. KIRK *et al.*

No. 3602.    Opinion Filed March ·24, 1914.

(139 Pac. 986.)

1.    **BANKRUPTCY—Assets—Judgment Lien.**  All the property of an individual, not exempt to him under the law, becomes, upon his adjudication as a bankrupt, assets to be administered in the bankruptcy proceedings; and a money judgment rendered in a state court during the pendency of the proceedings does not impose a lien on lands forming a part of such assets.

2.    **SAME—Discharge—Effect—False Pretenses—Pleading.**  A judgment on account of a liability for obtaining property by false pretenses or false representations is not released by a discharge in bankruptcy; but an allegation in a pleading, answering a claim of discharge, which avers in substance that, at the time the debtor borrowed the money, and gave a note secured by a mortgage, he represented that he was going to invest the money in a farm which would become part of his general assets, and would not be converted into an exempt homestead, does not state a case of obtaining property by false pretenses or false representations, so as to relieve the debt of the effect of the discharge.

3.    **EVIDENCE — Parol — Record — Judgment    Against    Bankrupt.**  Where a liability against a bankrupt has been prosecuted to judgment, the record is decisive as to the character of the claim upon which the judgment is founded, and cannot be affected by oral evidence except in case of ambiguity.

4.    **PLEADING—Judgment on Pleading—Reply—General Denial.**  Although a reply to an answer which sets up a discharge in bankruptcy contains a "general denial of the matters set up in the answer except as thereafter admitted," where the reply then undertakes to allege facts which are intended to avoid the effect of the discharge as to that particular claim, it is in effect an admission of the fact or the order of discharge, coupled with the affirmative defense that the discharge is inoperative against the debt in suit; and, where the affirmative facts set up are insufficient in law to defeat the defense of discharge, it was not error to order judgment on the pleadings, notwithstanding the general denial.

(Syllabus by Brewer, C.)

*Error from District Court, Garfield County;
James B. Cullison, Judge.*

Action by T. S. Chambers against Frank S. Kirk and another.  Judgment for defendants on the pleadings, and plaintiff brings error.  Affirmed.

*Parker & Simons* and *Dale & Bierer,* for plaintiff in error.

*James K. Beauchamp,* for defendants in error.

Opinion by BREWER, C.  On the 25th day of September, 1903, the defendants in error, who were defendants below, executed a promissory note in favor of the plaintiff in error, and secured the same by a mortgage upon certain lots in the city of Enid.  The note was due and payable September 25, 1904.  On the 21st day of October, 1903, the defendant Frank S. Kirk was adjudged to be a bankrupt.  Suit was filed on the note heretofore mentioned, and to foreclose the mortgage securing the same, and a judgment was rendered thereon upon the 20th day of May, 1905, under which the property mentioned in the mortgage was sold, and the proceeds thereof applied on the judgment, leaving a deficiency judgment against the defendants.

In 1908 the present suit was filed, and the amended petition filed March 18, 1908, recites the former judgment, the sale of the mortgaged property, the application of the proceeds, and the deficiency judgment against the defendants, and then avers that defendant Frank S. Kirk was the owner of a one-third section of land (therein described), and that the deficiency judgment was a lien thereon, and that execution had been issued, but the sheriff had refused to levy same on said land because of the claim made by defendants that it was their homestead and exempt.  The petition then avers that the land was not in fact the homestead, but that in truth the homestead claim is invalid, and that the property is therefore subject to the payment of plaintiff's judgment.  The prayer of the petition is, in brief, that it be adjudged that plaintiff have a lien on the land, that it is not the homestead of defendants, and that execution be awarded, and the land subjected to the payment of the judgment.

The defendant Frank S. Kirk, for his answer, after averring that plaintiff's judgment had been rendered as alleged, and was based on the promissory note referred to, set up the fact of his having been adjudged a bankrupt on the 21st day of October, 1903, in a court exercising the jurisdiction of a district court of the United States, and that on the 12th day of October, 1909,

the said Frank S. Kirk was, by the United States District Court for the Western District of Oklahoma, duly and legally discharged in bankruptcy, and attached as an exhibit to said answer a certified copy of the order of discharge referred to. Defendant further alleged that during the pendency of his bankruptcy proceedings plaintiff's had been listed by defendant with his other debts, that same had been filed with and allowed by the court, and that plaintiff had received from defendant's estate dividends in the same amount as paid to other creditors.

To this answer, the plaintiff filed a reply, consisting of a general denial of all material allegations of the answer not thereafter expressly admitted, and for further reply alleged, in substance, that his deficiency judgment against defendant was not a liability that could be discharged in bankruptcy, and, as a basis for this claim, alleged that, at the time he loaned the defendant the money, evidenced by the promissory note upon which the judgment was rendered, the defendant represented that he intended to purchase a farm with the money, and that said farm would remain as part of his general assets, which as such would be subject to the payment of plaintiff's note in the event the mortgage security should not be sufficient, and that in loaning the money plaintiff relied upon such representation. Plaintiff then avers that the defendant, in violation of his representation that the land to be purchased would remain a part of his general assets, moved onto said farm, and established thereon his homestead, and that, if plaintiff had known it was the intention of the defendant to create a homestead upon said farm, he would not have loaned him the money.

On January 8, 1912, the court sustained the defendant Frank S. Kirk's motion for judgment on the pleadings, and continued the cause as to the other defendant, who had filed merely a general denial for answer. The plaintiff below brings the case to this court for a review of the action of the court in rendering judgment on the pleadings.

The plaintiff, to sustain the claim that the court committed error, presents his arguments under two propositions: (1) That

the court was wrong, if for no other reason, because the reply contained a general denial. (2) That the court was wrong for the reason that the discharge in bankruptcy pleaded in the answer did not accomplish a discharge from the indebtedness made the basis for this suit, for the reason that "the liability upon which plaintiff's judgment was based was one for obtaining money by false pretenses, and brought the case within the exception contained in the bankruptcy statutes."

This suit is not to obtain a money judgment against defendants, but for a decree subjecting certain specific property to the payment of a judgment already existing. Therefore it is quite clear that the whole case depends on whether the deficiency judgment of May 20, 1905, left against defendants after applying the proceeds of the mortgage sale, created an enforceable lien on the farm in question. It seems to us that this question is easily answered. If the farm was not a homestead, and for that reason exempt under the state law, on October 21, 1903, when defendant was adjudged bankrupt, the title passed into custody of the law, as assets of the defendant's estate for the benefit of creditors. *State Bank of Chicago v. Cox,* 143 Fed. 92, 74 C. C. A. 285; *In re Pekin Plow Co.,* 112 Fed. 308, 50 C. C. A. 257; *Chesapeake Shoe Co. v. Seldner,* 122 Fed. 593, 58 C. C. A. 261; 1 Loveland on Bankruptcy, p. 106; *In re Hughes* (D. C.) 170 Fed. 809. If it was a homestead, and exempt to defendant, it could not be taken in execution to satisfy the judgment. Sections 3342, 3343, Rev. Laws 1910 (sections 1, 2, art. 12, Williams' Ann. Const. Okla.).

It is quite well settled that, if this land was not exempt as a homestead of the bankrupt, it became, upon the adjudication, part of the assets to be administered in the bankruptcy proceedings, and no judgment of the state court had during the pendency of the bankruptcy could be a lien on the land, or in any other wise affect it. *In re Reynolds* (D. C.) 11 Am. Bankr. Rep. 758, 127 Fed. 760; *In re Knight* (D. C.) 11 Am. Bankr. Rep. 1, 125 Fed. 35; *St. Cyr. v. Daignault* (D. C.) 103 Fed. 854; Loveland on Bankruptcy, p. 104 *et seq.*

Plaintiff avers in his petition that it was not a homestead; therefore, being bound by the averment in his own petition, it was assets of the estate in the bankruptcy court, and his judgment was not a lien on the property.

In 2 Loveland on Bankruptcy, p. 1360, the kinds of indebtedness, or rather of liabilities, not released by a discharge is thus stated:

"Since the amendment of 1903 it is immaterial whether or not the claim is in the form of a judgment, as the word 'judgments' has been omitted, and 'liabilities' substituted. If it is a liability for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another, or for alimony due or to become due, or for maintenance or support of a wife or child, or for seduction of an unmarried female, or for criminal conversation, it is not discharged."

We do not think the averments of the reply, intended to show a reason why the discharge in bankruptcy did not apply to the judgment involved here, are sufficient. They will be construed in connection with the other pleadings. We think the deficiency judgment was discharged by the discharge in bankruptcy. It was based on a plain promissory note for borrowed money, secured by property that sold for $5,000. There is nothing in the judgment, or the proceedings leading up to it, or the note on which it was founded, to indicate that it is such a debt as comes under the exception to the general law that a discharge in bankruptcy discharges the obligation to pay antecedent provable debts.

Where the liability has been prosecuted to judgment, the record is decisive as to the character of the claim upon which the judgment is founded, and cannot be affected by oral evidence except in case of ambiguity. *Peters v. United States,* 177 Fed. 885, 101 C. C. A. 99, 24 Am. Bankr. Rep. 206; *Donald v. Kell,* 111 Ind. 1, 11 N. E. 782; *Flanagan v. Pearson,* 42 Tex. 1; Loveland on Bankruptcy, p. 1353.

The reply avers that defendant represented that he intended to invest the money he was borrowing in a farm, and that the farm would remain part of his assets subject to plaintiff's claim.

etc.  This is the false pretense which, it is claimed, prevents the debt being discharged in bankruptcy.  This does not state a case of obtaining money by false pretenses.  It, at most, was merely a promise or statement of intention.  It was not a misrepresentation of any existing fact or circumstance.

This leads us to conclude that as shown by the pleadings the judgment of May 20, 1905, was not a lien on the land involved; that the judgment was released as against Frank S. Kirk by the discharge in bankruptcy; that therefore no cause of action is shown; and that the court properly gave judgment on the pleadings.  The contention that the judgment cannot stand because there was a general denial in the reply is without merit.  The reply does deny matters not thereafter admitted; but the effect of the new matter thereafter pleaded in the reply is to admit the fact of the discharge in bankruptcy, and then to set up a condition which was intended to show that the discharge was ineffectual as against this particular debt.  The pleading, then, having the effect of admitting the discharge, and seeking to avoid it, and the discharge being sufficient to release the debtor as a matter of law, in so far as the reasons against it in the reply are concerned, it follows that no fact put in issue by the general denial is material, or would affect the result if tried out.  *Adkins v. Arnold,* 32 Okla. 167, 121 Pac. 186.

The cause should be affirmed.

By the Court:  It is so ordered.