### HARRIS et ux. v. WILLIAMS.

No. 21432.   Opinion Filed Oct. 4, 1932.

Rehearing Denied Nov. 1, 1932.

W. A. Chase and S. A. Horton, for plaintiffs in error.

E. M. Connor and R. M. Sheppard, for defendant in error.

RILEY, J. This is an action brought by defendant in error, herein referred to as plaintiff, to recover damages for injuries inflicted upon her by a dog, alleged to have been owned and kept by plaintiffs in error, hereinafter called defendants.

The petition alleges that plaintiff was bitten by a Collie Shepherd dog owned and kept by defendants, while she was walking along a public street and on the sidewalk in front of the premises occupied by defendants; that the dog was vicious and dangerous and known so to be by defendants.

Defendants are husband and wife. Defendant J. I. Harris, the husband, answered, separately by general denial, and particularly alleged that if plaintiff was injured by a dog as alleged in her petition, the injury was not inflicted by any dog belonging to said defendant. Defendant Sallie E. Harris, the wife, answered separately by general denial, and by special denial denied that she was the owner of or had any interest whatever in the dog described in plaintiff's petition, and specifically denied that any Collie Shepherd dog staying at her place was any way vicious or dangerous.

The cause was tried to a jury, resulting in a verdict and judgment for the plaintiff, and defendants appeal.

The evidence shows that plaintiff was bitten and injured by a dog such as was described in her petition at the time and place set forth in the petition. The principal defense made at the trial was that the dog that injured plaintiff could not have been the same dog that was kept on the premises of the defendant, in that, at the time plaintiff was injured and for some two hours before, and about an hour thereafter, the dog kept at the home of defendants was in the house in an upstairs room with the doors closed, and with its keeper or master, J. I. Harris, in the room. In other words the defense principally relied upon was an "alibi" for the dog kept on the premises of defendants.

Demurrers to plaintiff's evidence and motions for a directed verdict at the close of the evidence were presented and overruled.

The first assignment of error presented is that the court erred in said ruling. The assignment is presented first in behalf of both defendants and is based upon two propositions:

First. That there is no evidence that the dog was vicious or dangerous, and

Second. If there is evidence to show the dog was vicious or dangerous there is no evidence that defendants had knowledge thereof.

As applied to defendant J. I. Harris, the contention is wholly without merit.

While there were a number of witnesses whose testimony tended to show a more or less vicious tendency of the dog, we deem it sufficient to refer only to the evidence of one witness, Mrs. R. T. Martin, who for a time lived near defendant's home, who testified in part as follows:

"Q. Now, Mrs. Martin, have you ever gone by that place when this dog you have just described came out towards you when you were going by? A. I sure did. Q. How many times did that occur? A. Just once; I didn't go that way any more. Q. Tell us of that one time; just what happened, what the dog did, and what was done there. Mr. Chase: We object to that; it is incompetent, irrelevant and immaterial. The Court: Objection overruled. Mr. Chase: Not within the issues; does not tend to prove or disprove any issue in this case. By Mr. Connor: Go ahead, Mrs. Martin; answer the question. A. Why, I was just walking past there, going toward Admiral and this dog just run out, just all bristled up, and barking and growling, and lunging right at me. Q. Well, now did you see any of the Harris family on the premises at that time? A. Well, Mr. Harris called the dog, and scolded the dog, and I didn't see anybody until then. When he scolded the dog it ran back toward him. I looked up and I saw him in the backyard. Q. Was the dog barking at the time he came towards you? A. Well, he started out barking, and then he growled, and just came lunging

right down to the—toward the sidewalk right at me."

Other witnesses testified to similar acts by the dog. Clearly there is competent evidence that the dog was vicious or dangerous within the meaning of those terms as used in connection with keeping or harboring vicious dogs.

The rule seems to be well established that knowledge of one attack by a dog is generally held sufficient to charge the owner with all its subsequent acts, but there need be no notice of injury actually committed, and it is therefore unnecessary to prove that a dog had ever bitten any person, if the owner had seen or heard enough to convince a man of ordinary prudence of the animal's inclination to commit injuries of the class complained of. 1 R. C. L. 1117, par. 60.

This rule was followed in this state in an early case. Ayers v. Macoughtry, 29 Okla. 399, 117 P. 1088, where it was held:

"The keeping of a dog, with knowledge on the part of the owner or his wife that the same had bitten or attempted to bite one or several persons prior to the time of the attack upon the plaintiff. is evidence sufficient to support a verdict, rendered on an instruction declaring defendant liable if he had notice either actual or constructive of the vicious and dangerous character of the dog."

Applying the rule thus stated there was evidence sufficient to go to the jury on the question of the vicious character of the dog and also of notice thereof to both defendants.

It is next contended on the part of defendant Sallie E. Harris that the court erred in not sustaining her separate demurrer to plaintiff's evidence and her separate motion to direct a verdict in her favor.

In this connection it is contended that the evidence shows that the Collie Shepherd dog that was kept in the home of defendants, was so kept by the defendant J. I. Harris over the protest and objection of Sallie E. Harris, his wife, and that she is in no manner liable.

There is evidence tending to show that the place where defendants lived was their homestead; that the title thereto was in the wife, Sallie E. Harris. She testified that the dog was kept there over her protest by her husband. That on one occasion she had given the dog away, but her husband had objected, and over protest the dog was kept on the premises.

This was something like a year and a half before the injury complained of. She testified, however, that at times when her husband was away, she would feed and care for the dog. The evidence further shows that neither the husband nor wife owned the dog. It belonged to their son who kept it on the premises for a number of years. About two and one-half years before the injury, the son who was then 21 years of age enlisted in the Navy and left the dog at the home of defendants; that it was kept for the son until the date of the injury of plaintiff, when it was taken by the pound-keeper of the city of Tulsa and kept by him for a period of 14 days and then sold.

The authorities are in conflict as to the liability of a married woman for injuries inflicted by a dog kept at her home. Some courts hold that as, irrespective of statutes giving married women a separate ownership of property, the husband is the head of the family and dominates the management thereof, a married woman cannot be held liable for harboring a dog "as owners usually do" under proof showing no more than that the dog belonged to her husband, but that she permitted it to remain on the home premises, the legal title of which was in her.

Others hold that although both the premises and the dog are owned by her, still, the keeping of the dog is a matter over which the husband is authorized to exercise control as the head of the family, and if it injures a third person the husband alone is liable. Still other courts hold the wife liable on the theory that the keeping of a ferocious dog on the premises is a nuisance, and she has the same authority of law to protect herself against this infringement of her property rights as against a like trespass by a neighbor, and that her failure so to do is indicative of her assent to such maintenance. 1 R. C. L. 1121.

It is further said that "possibly the best view of this troublesome subject is that the wife is not necessarily the keeper of a dog owned by her husband and kept on her premises, but in every such case the question is one for the jury to determine from all of the attendant facts and circumstances."

With this latter view ,we are in full accord. Such was the view of the trial judge, and we think he was correct. Such a rule is peculiarly applicable under the facts and circumstances of this case, for here neither the husband nor the wife was the owner of the dog. It belonged, in fact, to their adult son, and was being kept for him until

his term of enlistment should expire. The attendant facts and circumstances were such that the jury, despite the positive testimony of the defendant Sallie E. Harris to the contrary, might rightly infer that the wife and mother assisted in the keeping of the dog or at least assented to its being kept on her premises. This is particularly true in view of the showing made to the effect that all of the property owned by defendants was in the name of defendant Sallie E. Harris, and she alone was the owner of property out of which the judgment, if any was obtained, could be collected.

The trial court plainly told the jury in the instructions that if the jury should find that the dog was kept at the Harris home against the protest of the wife, Sallie E. Harris, the verdict should be in her favor, although it was so kept after she was informed, or could have been informed by the exercise of reasonable diligence, that said dog was vicious. The court also instructed the jury that if they should find from the evidence that defendant Sallie E. Harris alone or jointly with her husband kept and harbored the dog, or if her husband, J. I. Harris, kept and harbored it on the place without any reasonable protest from her, and that said dog was vicious and she knew it, or by the exercise of reasonable diligence should have known it, then Sallie E. Harris would be liable, but if they failed to so find, then the verdict should be for defendant Sallie E. Harris. We think the instructions fairly stated the law as applicable to all the facts and circumstances in evidence. The jury by the verdict found this question of fact against the defendant Sallie E. Harris, and the evidence together with all the attendant facts and circumstances is sufficient to sustain such finding.

· This we think disposes of the questions raised on the instructions.

The last assignment of error presented is that the court erred in admitting expert testimony. No proper objection was made at the time, and this question is not properly presented for review.

CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. McNEILL, J., concurs as to judgment against J. I. Harris; dissents as to judgment against Sallie E. Harris. CLARK, V. C. J., dissents. LESTER, C. J., and HEFNER, J., absent.