Gerald Humphreys, an Infant, by John Joseph Humphreys, His Guardian ad Litem, and John Joseph Humphreys, Plaintiffs, v. Louis Heller and Others, Defendants.

Supreme Court, Bronx County, December 9, 1935.

*John H. Waters*, for the plaintiffs.

*Joseph C. Salzman*, for the defendant Heller.

Hofstadter, J. The plaintiffs have obtained a judgment in an action brought to recover for personal injuries sustained from

the bite of a dog owned and harbored by the defendant Heller. The defendant has obtained a discharge in bankruptcy and now seeks to stay further proceedings in the action. The question presented is whether the debt created by the judgment is excepted from discharge by the provisions of section 35 of title 11 of the United States Code, as a liability " for willful and malicious injuries to the person * * * of another."

The complaint alleges that the defendant " wrongfully kept a dog, well knowing him to be of a ferocious and mischievous disposition and accustomed to attack and bite mankind." It is clear that the cause of action asserted is within the category of a malicious and willful injury as that term is employed in the Bankruptcy Act. (See *Tinker* v. *Colwell*, 193 U. S. 473; *Kavanaugh* v. *McIntyre*, 210 N. Y. 175; affd., 242 U. S. 138; *Bank of Williamsville* v. *Amherst Motor Sales, Inc.*, 234 App. Div. 261, 263.)

Negligence in the ordinary sense is not the gravamen of the action (*Carlisle* v. *Cassasa*, 234 App Div. 112, 116; *Muller* v. *McKesson*, 73 N. Y. 195; *McFarlane* v. *City of Niagara Falls*, 247 id. 340, 349); the action is predicated upon a willful and intentional act, namely, the keeping of a ferocious animal with knowledge of its viciousness. In this aspect as a matter of law the willful and malicious character of the act is implicit in the cause of action asserted. It is immaterial that the complaint does not allege that the act was willful and malicious. (Cf. *Matter of Dutkiewicz*, 27 F. [2d] 334.) The court is not concluded by the form of the action or the allegations of the complaint; resort may be had to the entire record to determine the essential character of the act. (*Bank of Williamsville* v. *Amherst Motor Sales, Inc.*, *supra*.)

The case of *Matter of Lorde* (144 Fed. 320) does not indicate a contrary conclusion; indeed, it is an assumption of the court that the debt would not be dischargeable as against the owner of the dog.

Accordingly the motion for a stay of proceedings is denied.