FREDERICK L. YACKEL, Respondent, v. MURIEL I. NYS, Defendant, Impleaded with PAUL P. NYS, Appellant.

JOANNE C. YACKEL, an Infant, by FREDERICK L. YACKEL, Her Guardian ad Litem, Respondent, v. PAUL P. NYS, Appellant, Impleaded with MURIEL I. NYS, Defendant.

Fourth Department, December 27, 1939.

*Maurice J. Kaman,* for the appellant.

*Mann, Strang, Bodine & Wright* [*Ward R. Whipple* of counsel], for the respondents.

DOWLING, J.   On October 19, 1938, Joanne C. Yackel, an infant of four years of age, was attacked on a public street and bitten by a springer spaniel dog owned by Muriel I. Nys and harbored by her and her husband, Paul P. Nys, at their residence in Rochester, N. Y.   Joanne C. Yackel is the daughter of Frederick L. Yackel. On or about December 5, 1938, Joanne C. Yackel, by her father as guardian *ad litem,* instituted an action in the City Court of Rochester against Paul P. Nys and Muriel I. Nys to recover damages for the injuries inflicted upon her.   Frederick L. Yackel also instituted an action in the same court against Paul P. and Muriel I. Nys to recover the medical and surgical expenses incurred by him in the care and treatment of his daughter Joanne for the injuries inflicted upon her by the said dog.   The defendant Paul P. Nys interposed an answer in each action denying each and every allegation of the complaint.   The defendant Muriel I. Nys interposed an answer in each action, denying certain allegations, but admitting that she was the owner of a springer spaniel dog which was presumably the one referred to in the complaints of the plaintiffs.   In each action the plaintiffs alleged that the defendants were the owners and harbored and wrongfully kept a male dog; that they well knew that the dog was ferocious and vicious and that he was of a dangerous disposition and accustomed to bite and attack mankind and that they wrongfully and negligently suffered the dog to go at large without being properly guarded or confined and that they permitted the dog to run at large in violation of the ordinances of the city of Rochester; that the biting of Joanne C. Yackel occurred solely and wholly by reason of the fault, carelessness or negligence of the defendants and without any negligence upon her part contributing thereto.

The actions were consolidated in City Court.   A jury was waived and the consolidated action was tried before one of the justices of the City Court of Rochester.   At the close of the plaintiffs' proofs the defendants introduced a dog license issued to Mrs. Nys by the city clerk of Rochester and rested.   The trial justice found for the plaintiffs against both defendants.   Judgment was entered in favor of Frederick L. Yackel for $29.50 and in favor of Joanne C. Yackel for $319.50.   No appeal was taken from the judgment.

On January 13, 1939, the defendant Paul P. Nys filed a petition in bankruptcy in the United States District Court for the Western District of New York and was duly adjudicated a voluntary bank-

rupt. In his bankruptcy schedules he listed the plaintiffs' judgment. Notice of the bankruptcy proceedings was given to the plaintiffs. They did not appear in the proceedings and they filed no claims with the trustee of the bankrupt. On or about April 26, 1939, the bankrupt applied to the referee in bankruptcy for Monroe county, on notice to the plaintiffs, for his discharge in bankruptcy. Plaintiffs did not appear or oppose the application. The referee granted an order discharging the bankrupt " from all debts and claims which are made provable by said Acts against his estate, and which existed on the 13th day of January, A.D. 1939, * * * excepting such debts as are by law excepted from the operation of a discharge in bankruptcy."

The plaintiffs filed a transcript of their judgment in the Monroe county clerk's office. After the bankrupt had been discharged in bankruptcy the plaintiffs issued a garnishee execution upon said judgment against the wages of the former bankrupt. Whereupon he moved before the County Court of Monroe county for an order to vacate the garnishee execution upon the ground that the judgment had been discharged in the bankruptcy proceedings. The motion was denied. From the order denying the motion the defendant Paul P. Nys has appealed to this court.

The single question is whether the injury inflicted by the dog was a willful and malicious injury to the persons of Joanne C. Yackel and Frederick L. Yackel. Clause (2) of subdivision a of section 17 of the Bankruptcy Act (U. S. Code, tit. 11, § 35) provides in part: " A discharge in bankruptcy shall release a bankrupt from all of his provable debts, * * * except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person * * * of another." Personal injury includes " actionable injury to the person either of the plaintiff, or of another." (General Construction Law, § 37-a.) The medical expenses incurred by Mr. Yackel in the care and treatment of his daughter Joanne constituted a personal injury to him. (*Psota* v. *Long Island Railroad Company*, 246 N. Y. 388, 395.) It is to be noted that neither complaint charges malice. The plaintiffs, however, are not concluded by the form of the action or the allegations of the complaint. Resort may be had to the entire record to determine the wrongful character of the act. (*Bank of Williamsville* v. *Amherst Motor Sales, Inc.*, 234 App. Div. 261, 263.) In *Brown* v. *Garey* (267 N. Y. 167) CROUCH, J., said (pp. 169, 170): " The court must examine the circumstances of each particular case and say whether it finds among them the elements which the law has come to accept as badges of willfulness and legal malice. It has been said that ' a willful disregard of what one knows to be

his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception.' (*Tinker* v. *Colwell*, 193 U. S. 473, 487.) If the phraseology of that statement trenches unduly on the domain of morals (Cf. Holmes, Collected Legal Papers, p. 171), we may overlook it in part and still find a legal test. A wrongful act done intentionally which necessarily causes harm and is without just cause or excuse, constitutes a willful and malicious injury. (*Kavanaugh* v. *McIntyre*, 210 N. Y. 175, 182; affd., 242 U. S. 138; and cf. *Matter of Levitan*, 224 Fed. Rep. 241, 243.) " " But malice is an inference of law from known facts, and does not necessarily involve the element of personal ill-will; it is a wrongful act, done intentionally, without just cause or excuse [citing authorities]." (*Beardsley* v. *Soper*, 184 App. Div. 399, 402.)

It appears from the record that, prior to the attack in question, the dog had attacked and bitten three persons and that the defendant Paul P. Nys had accompanied one of the injured persons to the hospital after the attack. The justice before whom the case was tried found that the defendant Paul P. Nys harbored the dog knowing his vicious tendencies. The harboring of this dog, therefore, under the circumstances, was a wrongful and malicious act, done intentionally, without just cause or excuse, and the judgment recovered was for willful and malicious injuries to the person and was within the exception in the Bankruptcy Act and was not dischargeable.

The plaintiffs upon this motion are charged with the duty of showing that their judgment comes within the exception which saves it from discharge in bankruptcy. (*Tompkins* v. *Williams*, 137 App. Div. 521, 522; affd., 206 N. Y. 744.) We think they have sustained the burden.

The appellant claims that negligence is the gist of plaintiffs' action. We do not so read the complaints. In *Molloy* v. *Starin* (191 N. Y. 21) GRAY, J., in speaking of haboring ferocious animals, said (p. 25): " This rule of liability, I apprehend, is predicated upon the wrongful and unjustifiable conduct of the owner in keeping an animal of a vicious and, therefore, dangerous nature. If it is not securely confined, it is, plainly, a public nuisance and security must be assured under all circumstances. The gravamen of the action, in such cases, is the keeping of the animal, with knowledge of its propensities, and if it does some mischief, negligence is not, strictly speaking, an element of the owner's liability. There is, perhaps, a presumption *juris et de jure* of negligence based upon the keeping and, in that sense, only, an action would rest upon negli-

gence. (*Card* v. *Case*, 5 C. B. Rep. 622.) The liability of an owner is absolute and he is bound to keep the animal secure, or he must suffer the penalty for his failure to do so, in making compensation for the mischief done [citing cases]."

This defendant also claims that the plaintiffs are estopped by reason of their failure to oppose his application for a discharge. A creditor whose claim is not dischargeable in a bankruptcy proceeding may pursue his remedy after the discharge of the bankrupt, even if he has received dividends in reduction of his claim. (*Meyer* v. *Price*, 250 N. Y. 370, 378.)

The appellant further claims that he was not guilty of wrongful and malicious injury since, at most, he merely harbored the dog, and he cites the case of *Matter of Lorde* (144 Fed. 320). That case is distinguishable on the facts. Lorde neither owned nor harbored the dog. It was owned and harbored by a tenant in his apartment house. The court held that Lorde, at most, was guilty of negligence only in that he had failed to remove the dog from his premises, and that the judgment rendered against him was dischargeable in bankruptcy because the element of willful and malicious injury was lacking.

In the case of *Humphreys* v. *Heller* (157 Misc. 568) the defendant owned and harbored the dog which had inflicted the injuries upon one of the plaintiffs. The court held that the judgment recovered was not dischargeable and denied a motion for a stay of proceedings under the judgment after the judgment debtor had been discharged in bankruptcy.

Since the recovery was for willful and malicious injuries to the persons of the plaintiffs within the appropriate provision of section 17 of the Bankruptcy Act, the judgment was not discharged in the bankruptcy proceeding. The order appealed from, therefore, should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROSBY, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order affirmed, with ten dollars costs and disbursements.