## STARK v. STARK.

No. 29458. Feb. 25, 1941.

*110 P. 2d 897.*

Gibson & Savage and Sam Glassman, all of Oklahoma City, for plaintiff in error.

Chandler, Shelton, Fowler & Swinford and Edgar S. Vaught, Jr., all of Oklahoma City, for defendant in error.

CORN, V. C. J. This is an action brought by defendant in error, Hester M. Stark, for specific performance of a contract for separate maintenance against her husband, H. O. Stark, plaintiff in error. This is the second time the contract which is the subject of this controversy has been before this court, the former suit having resulted in the decision of Stark v. Stark, 185 Okla. 348, 91 P. 2d 1064, and insofar as the questions now before this court are concerned, the facts are identical, the only difference being that the present suit involves subsequent installments upon the same contract. (For complete statement of facts and law of this case, see Stark v. Stark, supra.)

Plaintiff in error in his brief cites several cases which are not applicable to the law and facts in this case, and then states:

"We have made the above comments and statements of law and citation of cases in support thereof for a very definite purpose. First, it is to show and convince this court that its decision in the case between these same parties, H. O. Stark and Hester M. Stark, Supreme Court Case No. 28621 and reported in 185 Okla. 348, 91 P. 2d 1064, is contrary to the prior decisions of this court, contrary to all sense of justice and humaneness to this defendant; and secondly, that this is such a case wherein conditions of the defendant were such at the time of the first judgment and whose condition both as to health and finances since the rendition of the first judgment, are such that the court should very definitely have stepped into the contractual relationship of this husband and wife. . . .

"It is our contention that the court has seriously erred in that decision, that it is dangerous law and precedent for this court to follow and not only does irreparable injury and damage to this defendant, but to every other defendant so situated."

In the case of Deming Inv. Co. v. Shannon, 62 Okla. 277, 162 P. 471, the first paragraph of the syllabus reads:

"A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action, and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court, or in any other court of concurrent jurisdiction, upon the same or a different cause of action."

In Stark v. Stark, supra, we held:

"Fairness of husband's agreement to pay separate maintenance or alimony to wife must be determined in light of circumstances existing when contract was made, and change in husband's circumstances creating hardship or inability to perform is not a valid defense to wife's suit for installments due under contract."

The Supreme Court of the United States has held that this rule applies even though the former decision is wrong. Keziah Reed et al. v. Lorenzo Allen, 286

U. S. 191, 76 L. Ed. 1054, 52 S. Ct. 532. The third paragraph of this opinion reads:

"A judgment not set aside on appeal or otherwise is equally effective as an estoppel upon the points decided, whether the decision be right or wrong."

Judgment affirmed.

WELCH, C. J., and RILEY, OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. HURST, J., absent.