WOELFLE *v.* GILES.

(*Nashville*, December Term, 1944.)

Opinion filed January 6, 1945.

W. G. Cavett, of Memphis, for plaintiff in error, Woelfle.

Geo. J. Coleman, of Memphis, defendant in error, for Giles.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal presents the question whether under the U. S. Bankruptcy Act, U. S. C. A., title 11, sec. 35, sub. a(2), the debt of a bankrupt evidenced by a judgment secured against the bankrupt on account of his sale of mortgaged property without complying with those provisions of the mortgage having to do with advertisement and public sale, is such "willful and malicious injuries to . . . property" as falls within the exception in the foregoing subsection of the Bankruptcy statute, and is not dischargeable.

In the court of a justice of the peace of Shelby County, Giles sued Woelfle for the balance due on a promissory note and by cross-action Woelfle sued Giles for the conversion of certain personal property which he had held under mortgage. The justice of the peace rendered judgment against Woelfle, who then appealed to the Circuit Court. In the latter court a jury was demanded and on the trial, brought in the following verdict:

"We the jury find for the plaintiff in the first case to the amount of $70.00, we also find for the plaintiff in the

90

cross bill to the amount of $120.00, Herman Carle, foreman.''

Accordingly, the Judge entered the following judgment:

''It is therefore considered by the Court that J. T. G. Woelfle have and recover of J. E. Giles the sum of Fifty dollars and all costs herein accrued for which let execution issue.''

This is a general verdict and contains no indication of grounds on which the jury based their finding.

■ Since the evidence is not preserved in the record before us, the only means by which we know that the judgment against Giles was based on a conversion of personal property is on information derived from the declaration filed on his behalf in the magistrate's court, and this is lacking in many essential facts. Even this declaration, since it was not admitted in fact or on default judgment, has no weight as evidence. *Jewett, etc.*, v. *David Graham*, 62 Tenn. 16, 18.

''Examining the complaint and findings before the court, no express finding exists of wilful and intentional wrong-doing, and I hold that the same will not be predicated from the language of the complaint and findings herein, to wit: 'wrongfully and unlawfully converted;' 'neglected and refused to return' and 'found guilty of conversion' *without other facts from which an express finding of a wilful and malicious intent could be found*. The complaint and findings set forth simple allegations of conversion and are so consonant with a technical conversion as some more aggravated type.'' (Italics ours.) *In re La Porte*, D. C., 54 F. Supp. 911, 912.

After the adverse judgment in the circuit court, Giles filed petition in bankruptcy and duly scheduled this judgment as one of his provable debts. After his discharge

in bankruptcy, a garnishment was served upon his employer and his salary attached. A motion to quash the garnishment on account of the discharge was sustained by the circuit judge. To this action of the judge, Woelfle excepted, prayed an appeal and the case is now here for our disposition.

The case of *Maryland Casualty Company, etc.*, v. *Fant*, decided by this Court on July 1, 1944, and reported in 181 Tenn. 492, 181 S. W. (2d) 753, has evidently escaped the attention of counsel for both parties. Many of the questions presented by the briefs of counsel here were decided in that opinion and its holdings are reaffirmed.

The only new question in the present case is whether the conversion which arose by reason of the failure of a mortgagee to observe the provisions of the mortgage for the advertisement and public sale of mortgaged personal property, is such a conversion as is "innocent and technical," or as is "a malicious, wilful injury to property." The first type of conversion is dischargeable, the second is not. The distinction is clearly made in the opinion of Justice CARDOZO in the case of *Davis* v. *Aetna Acceptance Co.*, 293 U. S. 328, 55 S. Ct. 151, 153, 79 L. Ed. 393, 397:

"But a willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice. (Citing many cases.) . . . The discharge will prevail as against a showing of conversion without aggravated features."

In *Davis* v. *Aetna Acceptance Company, supra*, the bankrupt, who insisted that a debt arising by way of conversion had been discharged by his bankruptcy, was an automobile dealer. He secured money to conduct his

business by giving the Acceptance Company a chattel mortgage on the cars which, as the property of the Company, he agreed to store and not to sell, pledge or otherwise dispose of, except upon consent in writing from the Acceptance Company. In violation of this agreement he did sell a certain car and converted the funds derived from its sale to his own use. It was held by the Supreme Court of the United States that despite the fact that it arose out of a conversion, the debt was not the result of such wilful and malicious injury to personal property as prevented its discharge in bankruptcy.

An example of the other type of conversion, that is to say, one which is such a wilful and malicious injury to property as prevents its discharge, is to be found in the case of *McIntyre* v. *Kavanaugh*, 242 U. S. 138, 37 S. Ct. 38, 61 L. Ed. 205. There the conversion was so ''unexcused and wanton'' that it was clearly criminal. This was true also in the case of *Maryland Casualty Co.* v. *Fant, supra*, where this Court held that a conversion arising by way of the theft by an employee of his employer's funds was not dischargeable. A number of cases falling into one or other of the classes of conversion are cited in the annotation in 98 A. L. R. 1454, *et seq.*

█ The underlying theory of the distinction between those debts arising from conversion which are, and those which are not, dischargeable, is whether or not the underlying indebtedness arose out of contract or *quasi* contract. *Kreitlein* v. *Ferger*, 238 U. S. 21, 35 S. Ct. 685, 59 L. Ed. 1184; *Crawford* v. *Burke*, 195 U. S. 176, 25 S. Ct. 9, 49 L. Ed. 147.

█ It cannot be doubted that in the present case, the underlying indebtedness arose out of the contract evidenced by the mortgage of personal property which Woelfle had given to Giles. In the essential facts of the con-

version, the case of *Davis* v. *Aetna Acceptance Co.*, *supra* is clearly in point. Davis made a mortgage to the Acceptance Company, which required consent in writing from the mortgagee before Davis could resell the mortgaged property. In disregard of this provision, he did resell and converted the funds so derived to his own use. Nevertheless, the U. S. Supreme Court held the debt dischargeable in Bankruptcy because the character of the conversion in such case was "innocent and technical." We think that decision is controlling on such facts as are before us here.

It results that the assignments of error are overruled and the judgment affirmed.