PEERSON v. MITCHELL et al.

No. 34007. Dec. 19, 1950.

Rehearing Denied May 29, 1951.

*239 P. 2d 1028.*

Doerner, Rinehart & Stuart, Harry D. Moreland, and Jack E. Campbell, Tulsa, for plaintiff in error.

S. J. Clendinning, Tulsa, and A. L. Emery, Washington D. C., for defendant in error Viola Mitchell.

ARNOLD, V.C.J. This is an appeal by J. V. Peerson from an order of the district court of Tulsa county denying his motion to release of record a judg-

ment against him in favor of Viola Mitchell rendered and entered in that court March 22, 1935. The motion was denied on the ground and for the reason, as determined by the trial court, that the judgment constitutes a debt for a "wilful and malicious" injury. His motion was filed November 28, 1947, and disclosed that on November 25, 1938, he received a final discharge in bankruptcy "from all debts and claims which are made provable by said acts against his estate . . . excepting such debts as are by law excepted from the operation of a discharge in bankruptcy." Under the terms of the act one may not be discharged from obligations arising out of wilful and malicious acts. This is conceded.

The action was commenced in the district court of Tulsa county November 17, 1933. Plaintiff alleged in her petition as amended that R. F., Grace, J. V., and Hal Peerson were the owners or keepers of a brown and white spotted bird dog which was ill-tempered, mean, vicious, dangerous, and accustomed to attacking people, all of which was known to defendants; that during extremely hot weather, and on June 24, 1933, said dog was vaccinated for rabies or hydrophobia by a veterinarian in the town of Bixby and that knowing all these facts defendants permitted said dog to run at large at all hours of the day and night upon the public streets and alleys in that town; that on June 26, 1933, at about the hour of 11:00 p.m., the plaintiff was returning to her home along a path trodden by pedestrians which constituted a side-walk and at a distance of about 25 feet from her home she was attacked from the rear by said dog, which knocked her down and clawed and bit her about the back and spine, her right breast and side, her left foot and leg, and that her skin was broken, her flesh cut, her muscles lacerated and torn, and that as a result of such injuries so inflicted she suffered constantly from an internal hemorrhage and that the injuries aforesaid and her present physical and nervous condition were entirely due to the attack of said dog; that plaintiff had a perfect legal right to be at the place and at the time the said dog attacked her and that it was the imperative duty of defendants, knowing the vicious nature of the dog and knowing that he had just been vaccinated, to confine said dog or restrain him and thus protect plaintiff from attack by said dog. She alleged special damages for the cost of medical attendance in the sum of $250 and prayed for actual damages in the sum of $20,000.

Grace, J. V., and Hal Peerson answered by general denial. R. F. Peerson answered by general denial, admitted that he was the owner of the dog in question but denied that the dog was ill-tempered, mean and vicious; admitted that he had the dog vaccinated as a preventive to rabies or hydrophobia and specifically denied that plaintiff received the injuries alleged from any attack upon said plaintiff by said dog.

At the conclusion of the evidence the court directed a verdict for Hal Peerson. The court, in defining the issues to the jury, told it that the plaintiff alleged that the defendants were the owners and keepers of a brown and white spotted bird dog which was known by them to be vicious and dangerous. In instructing the jury as to the law of the case pertinent to the issues here presented, the court told the jury that a person who owns and harbors or keeps or one who harbors and keeps a vicious or dangerous dog, with knowledge of its vicious propensities, is liable for injury that such dog may commit upon the person of another; that a wife, though not the owner of a dog, will be liable as a keeper if her husband owner keeps a vicious dog at their home unless she remonstrates and protests the keeping of such a dog by her husband; that if Grace and J. V. Peerson, or either of them, allowed the dog to be kept by the family as household dogs are usually kept, then

they should be regarded as keepers; that if J. V. Peerson was the owner of the household occupied by himself, his parents, and other members of the family and permitted said white and brown spotted bird dog to be kept and harbored at his home knowing that it was vicious and dangerous, he should be regarded as a keeper and held liable if it attacked and injured plaintiff.

The jury returned a general verdict against all defendants for $5,000 compensatory damages. A judgment was entered in accordance therewith.

Several years after the judgment became final, J. V. Peerson was discharged in bankruptcy and released from the payment of said judgment.

It is correctly conceded that the burden of showing that the judgment was not discharged in bankruptcy was upon plaintiff below, defendant in error here. Hill v. Smith, 260 U.S. 592, 43 Sup. Ct. 219, 67 L. Ed. 419; Greenfield v. Tuccillo (C.C.A. 2) 129 F. 2d 854; Money Corporation v. Draggoo, 274 Mich. 527, 265 N.W. 452; Jaco v. Baker, 174 Ore. 191, 148 P. 2d 938.

Plaintiff in error, defendant below, asserts:

"The court will search the entire record to determine if there has been a 'wilful and malicious' injury within the meaning of the Bankruptcy Act and the court is not limited in its search to the mere allegations of the petition but will search the entire record, including the evidence;"

and cites in support of this proposition: Bank of Williamsville v. Amherst Motor Sales, Inc., 254 N.Y.S. 825; Humphreys et al. v. Heller, 283 N.Y.S. 915; Yackel v. Nys, 258 App. Div. 318, 321, 16 N.Y.S. 2d 545; Beam v. Karaim et al., 47 N.Y.S. 2d 193; Wyka v. Benedicks, 41 N.Y.S. 2d 127; Globe Indemnity v. Granskov, 246 Wis. 87, 16 N.W. 2d 437; Woelfle v. Giles, 182 Tenn. 88, 184 S.W. 2d 177.

The harboring of a vicious dog with knowledge of its vicious propensities constitutes a nuisance. Tubbs v. Shears, 55 Okla. 610, 155 P. 549, L.R.A. 1916-D 1032; Tidal Oil Co. v. Forcum, 189 Okla. 268, 116 P. 2d 268; Ayers v. Macoughtry, 29 Okla. 399, 117 P. 1088, 37 L.R.A. (N.S.) 865; Harris v. Williams, 160 Okla. 103, 15 P. 2d 580. Such conduct is wilful and malicious. Where an action is founded entirely on knowingly harboring a vicious dog and submitted to the jury on this theory only, the judgment is necessarily based on wilful and malicious conduct. As disclosed by the discussion of the pleadings and instructions of the court, this cause of action was predicated entirely upon the harboring of a vicious dog and submitted to the jury on that theory only. By the plain terms of the Bankruptcy Act a judgment based upon wilful and malicious injury cannot be discharged.

Where the record proper (12 O. S. 1941 §704), which is synonymous with the judgment roll at common law (Dime Savings & Trust Co. et al. v. Able et al., 185 Okla. 461, 94 P. 2d 834), that is, the petition, answer, reply, findings by the court, its instructions to the jury, the verdict of the jury, and the judgment entered upon the verdict, shows the judgment is based upon knowingly harboring a vicious dog, wilful and malicious conduct inheres or is implicit in said judgment and resort to the evidence may not be had to establish that the judgment was based on negligence. Jaco v. Baker, supra; Bank of Williamsville v. Amherst Motor Sales, Inc., supra; Humphreys et al. v. Heller, supra; Beam v. Karaim, supre; Yackel v. Nys, supra.

In Jaco v. Baker, supra, which was a dog bite case wherein the bankrupt was seeking on motion to be released from the judgment for damages, it is stated in paragraph 5 of the syllabus that:

"In determining whether judgment is based on a wilful and malicious injury so as not to be dischargeable in bankruptcy, Supreme Court has re-

course to the 'record', namely, complaint, answer, instructions, verdict, and judgment."

If the defendant, plaintiff in error here, desired to have this court review the evidence to determine its sufficiency to support the judgment against him based on malicious and wilful conduct, he had his remedy by appeal from the judgment and from the order overruling his motion for new trial.

An examination and analysis of the authorities relied upon by plaintiff in error in dog bite cases disclose that none of them is authority for the proposition that a court, on the hearing of a motion to release a judgment, may review the evidence adduced upon the trial of the case in which the judgment was entered in such cases. Some of the language in the opinions, if not carefully scrutinized, may mislead one into the belief that those courts have so held. In the Heller case, supra, this language appears:

"The court is not concluded by the form of the action or the allegations of the complaint; resort may be had to the entire record to determine the essential character of the act."

The meaning of the term "record" as used is well understood. It is what constituted the judgment roll at common law. It consists of the petition, the answer, the reply, the findings by the court, its instructions to the jury, the verdict of the jury, and the judgment entered upon the verdict. This statement by the court in that opinion is based upon the case of Amherst Motor Sales, Inc., supra, in which the court in its opinion, quoting from the case of Barbery v. Cohen, 170 N.Y.S. 762, used this language:

"We are not concluded by the form of the action, nor even the allegations of the complaint; resort may be had to the entire record to determine the wrongful character of the act."

That this language was used with reference to the record proper as above mentioned and described is shown by the fact that in the Amherst Motor Sales case there had been no trial on the merits in the lower court and no evidence introduced but an order dismissing the action had been entered. It is therefore apparent that it was the record proper in its entirety and not the language of the complaint alone to which the court resorted in arriving at its conclusion that the order of the trial court should be reversed.

Immediately preceding the language of the Heller case above quoted, and on which plaintiff in error, defendant below, relies as authorizing an examination and review of the evidence in the original trial, the court had used this language:

"Negligence in the ordinary sense is not the gravamen of the action; the action is predicated upon a wilful and intentional act, namely, the keeping of a ferocious animal with knowledge of its viciousness. In this aspect, as a matter of law, the wilful and malicious character of the act is implicit in the cause of action asserted. It is immaterial that the complaint does not allege that the act was wilful and malicious."

In the Nys case, supra, the court said:

"It is to be noted that neither complaint charges malice. The plaintiffs, however, are not concluded by the form of the action or the allegations of the complaint. Resort may be had to the entire record to determine the wrongful character of the act;"

and in support of that statement the Amherst Motor Sales case is cited. It therefore seems evident that in the Nys case the court was speaking of the record proper as the court had done in the Amherst Motor Sales case. Referring to the contentions there made by the bankrupt seeking release from the judgment as defendant does in the instant case, the court said:

"The appellant claims that negligence is the gist of plaintiff's action. We do not so read the complaint,"

indicating that the court determined the nature of the action by the allegations

of the complaint alone which is a part of the record proper. In the Karaim case, supra, the court used certain language on which plaintiff in error, defendant below, relies as supporting his contention that the evidence on the original trial of the action may be reviewed by the court on motion to release the judgment in determining whether the judgment is released by the discharge in bankruptcy. That language is:

"In determining whether the judgment in question was based upon 'wilful and malicious' injury, we are limited to an examination of the complaint upon which the judgment was obtained. The evidence presented on the trial is not now available."

We think the use of the words "not now available" in reference to the use of the evidence was because the court recognized that upon the hearing of the motion to release the judgment the evidence upon which the judgment was based was not usable to determine whether such judgment was based upon a wilful and malicious injury for the reason that this statement by the court is based upon the holdings of the court in the Heller case and in the Nys case, both of which are cited as authority.

The other cases cited by plaintiff in error are not dog bite cases in which malice and wilfulness inhere or are implicit in the judgment and not in point or authority for the proposition asserted.

We cannot agree with plaintiff in error that the court submitted his liability to the jury on two theories—one as a harborer of a vicious dog with knowledge of its viciousness and another of negligence in permitting another person to harbor a vicious dog in his premises. Considering the fact that the cause of action was based entirely upon alleged harboring and the other instructions given, we are forced to conclude that by the language used in instruction No. 11, though inept in some respects, the court intended to and did tell the jury that J. V. Peerson should

be considered a keeper of the dog in question if he, as owner of the premises, permitted any of the other members of his family to keep a dog known by him to be vicious in the premises.

The case of In re Lorde, 144 Fed. 320, is obviously not applicable where the record proper shows that a judgment is based on knowingly harboring a vicious dog.

Judgment affirmed.

DAVISON, C.J., and CORN, GIBSON, LUTTRELL, and JOHNSON, JJ., concur. HALLEY and O'NEAL, JJ., dissent.