George William COLVERT, Plaintiff in Error,

v.

Bessie M. CHASTAIN, Defendant in Error.

No. 39011.

Supreme Court of Oklahoma.

May 31, 1961.

Rehearing Denied June 27, 1961.

Application for Leave to File Second Petition for Rehearing Denied July 11, 1961.

George W. Wulff, Oklahoma City, for plaintiff in error.

Robert L. Cox, Oklahoma City, for defendant in error.

PER CURIAM.

On October 20, 1958, the plaintiff in cause No. 142,488 in the District Court of Oklahoma County obtained a judgment on two promissory notes executed by the defendant in favor of the plaintiff for $4,377, interests and costs. The judgment became final.

Thereafter the defendant filed his voluntary petition in bankruptcy and on June 29, 1959, received his discharge of bankrupt. Soon thereafter the plaintiff filed garnishment proceedings against the defendant. The defendant then, in the above numbered cause, filed a motion to restrain the plaintiff from collecting or attempting to collect said judgment and asked that an order be issued discharging said judgment based upon his discharge in bankruptcy.

The plaintiff responded by alleging that the judgment above referred to grew out of a liability for money obtained by false pretenses or representations and is not released by the discharge.

In her amended petition and in her original action on the notes the plaintiff alleged that her entire life's savings was loaned to defendant and that he voluntarily gave her the notes as evidence of the indebtedness; that the money was obtained from plaintiff by the promise of marriage; that their courtship lasted over a period of many months with the representation that defendant intended to marry her.

To plaintiff's amended petition the defendant filed his answer in the form of a general denial, except that he stated he received the money from her for a joint adventure in the oil business.

The testimony in the original case on behalf of plaintiff disclosed that defendant had proposed marriage to her and that they had been engaged for several years and that in the early part of 1957, when she loaned him the money, she still planned on marrying him but that in October of that year he told her the proposal of marriage had ceased and he had no business or no use for a wife; that defendant had broken the engagement.

The court proceeded to hear testimony, over the objection of defendant, on defendant's motion to discharge the original judgment.

The ultimate and decisive question to be determined is whether, under the facts of the case, the defendant obtained the money from plaintiff by false pretenses, so as to make effective against him the second exception under Title 11, Section 35, U.S.C.A.

The defendant relies on the case of Chambers v. Kirk et al., 41 Okl. 696, 139 P.

986, the third syllabus of said case being as follows:

"Where a liability against a bankrupt has been prosecuted to judgment, the record is decisive as to the character of the claim upon which the judgment is founded, and cannot be affected by oral evidence except in case of ambiguity."

The record in the original case discloses the nondischargeable character of the original obligation, and the court was justified in hearing additional testimony to clarify the ambiguity therein. The hearing of such additional testimony is not in conflict with the above-cited case. The ambiguity was caused by the journal entry reciting only the judgment on the notes without disclosing the testimony, under the pleadings, relative to the false promise of marriage.

The testimony, by plaintiff, in the latter hearing was that she loaned the money to defendant when he told her they were going to get married; that she would not have loaned him the money other than on the promise of marriage; that defendant was in the building business on a small scale and that he borrowed the money on the pretense that he needed it to build a filling station which was never built; that about the time the notes became due defendant broke the promise of marriage, and that defendant never paid anything on the notes.

Defendant admitted that he had intended to marry her and that they had been engaged for some time before the loan was made but that he didn't know whether or not plaintiff loaned him the money under promise of marriage.

 The burden of proving the judgment was not discharged, by the discharge in bankruptcy, was upon plaintiff below, defendant in error here. Peerson v. Mitchell, et al., 205 Okl. 530, 239 P.2d 1028, 26 A.L.R.2d 1362. We feel that she has successfully met that burden.

The judgment of the trial court in overruling defendant's motion to restrain the plaintiff from collecting the judgment, and refusing to declare defendant's discharge in bankruptcy discharged the judgment in said cause, is not against the clear weight of the evidence, and is affirmed.

The court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.

WILLIAMS, C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.