Ronald J. ACORD, Plaintiff in Error,

v.

Harold WEST, Jr., Defendant in Error.

No. 41409.

Supreme Court of Oklahoma.

Oct. 25, 1966.

Shoemake & Briggs, Pawhuska, for plaintiff in error.

John L. Arrington, Pawhuska, and John L. Arrington, Jr., Tulsa, for defendant in error.

HALLEY, Chief Justice.

This appeal involves a suit upon a foreign judgment for personal injuries. Plaintiff below was Ronald J. Acord, a minor, who, on March 27, 1961, suing by his next friend, Charles C. Isbell, recovered a judgment in the United States District Court for the District of Arizona in Civil Case No. 1231, from Harold West, Jr., the defendant below.

On February 2, 1962, plaintiff filed the instant action against the defendant in the District Court of Osage County, Oklahoma, seeking to collect the unpaid balance of the Federal Court judgment.

Defendant, on September 26, 1962, filed a voluntary petition in Bankruptcy in the United States District Court for the Northern District of Oklahoma. The Arizona judgment was duly scheduled and plaintiff was listed as a creditor. No appearance was made or objection filed by the plaintiff in the Bankruptcy case, and on January 16, 1963, defendant was granted a discharge in Bankruptcy by the Referee.

Thereupon, in the case at hand, defendand filed an amended answer, setting up his discharge in Bankruptcy as a defense to plaintiff's action, and sought judgment against the plaintiff that the discharge in Bankruptcy operated to discharge the unpaid balance of the judgment and barred all further actions based thereon.

The case was tried below on stipulation of facts, and on January 8, 1965, the trial court rendered a judgment for the defendant on the grounds that the Arizona judgment had been discharged in Bankruptcy and enjoined further attempts by the plaintiff to collect the unpaid balance of the judgment.

Plaintiff filed a motion for a new trial, which was overruled, and this appeal followed. The parties will be referred to herein by their trial court designation.

From the stipulation it appears that the judgment obtained by the plaintiff arose from an automobile accident in which he was injured.

The verdict of the jury in the Arizona case was a special verdict, and omitting the caption therefrom, is as follows:

"We, the jury, answer the questions propounded to us in this cause as follows:

"Question 1: At the time of and just prior to the accident in question, was the defendant Harold West, Jr., negligent in any of the following respects:

"(a) with respect to driving on the left-hand side of the highway?

"ANSWER:    Yes
          (answer yes or no)

"(b) with respect to driving his vehicle while under the influence of intoxicants?

"ANSWER:    Yes
          (answer yes or no)

"Question 2: If you answer 'yes' to any of the subdivisions of Question No. 1, then answer the corresponding subdivision of this question. Was the negligence of Harold West, Jr., as found by you in answer to Question No. 1 a proximate cause of the accident and of the injuries sustained by the plaintiff, with respect to:

"(a) driving on the left-hand side of the highway?

"ANSWER:    Yes
          (answer yes or no)

"(b) driving while under the influence of intoxicants?

"ANSWER:    No
          (answer yes or no)

"Question 3: If you answer 'yes' to any of the subdivisions of Question No. 1, then answer the corresponding subdivisions of this question: Was the defendant Harold West, Jr., guilty of wanton negligence with respect to:

"(a) driving on the left-hand side of the highway?

"ANSWER:    No
          (answer yes or no)

"(b) driving while under the influence of intoxicants?

"ANSWER:    No
          (answer yes or no)

"Question 4: If you answer 'yes' to any of the subdivisions of BOTH Question No. 1 and Question No. 2, then answer this question: What sum of money will compensate the plaintiff reasonably for all detriment suffered by Ronald J. Acord as a result of the accident in question:

"ANSWER: $83,000.00

March 27, 1961

          "Adolph W. Ernst
          Foreman"

The discharge in Bankruptcy of the defendant was offered into evidence. An examination of it shows it to be regular in form. By the stipulation entered into between the parties, it was agreed that plaintiff and his attorneys had notice of the Bankruptcy proceedings, and had full knowledge of the date of the hearing of defendant's petition in Bankruptcy and of the date of hearing on his petition for a final discharge in Bankruptcy.

The basic question to be determined here is whether the trial court was correct in his determination that the discharge in Bankruptcy received by the defendant was such a discharge as to include the judgment recovered by the plaintiff against the defendant in the Arizona action.

The Federal statute which is involved herein is 11 U.S.C. Section 35(a), which provides:

"A discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowable in full or in part, except such as * * * (2) are liabilities * * * for willful and malicious injuries to the person or property of another."

█ In a case of this kind, the burden rests upon the plaintiff to show that the judgment is such that it is not affected by the bankruptcy discharge. See Colvert v. Chastain, Okl., 363 P.2d 260.

Plaintiff's argument, summarized, is to the effect that in spite of the finding by the jury in their special verdict that defendant's conduct was not wanton, that the discharge in Bankruptcy does not release the judgment obtained by the plaintiff because the jury found specially that defendant's driving on the left and his driving while under the influence of intoxicants were both proximate causes of the injuries sustained by the plaintiff. In support of this view, plaintiff cites numerous authorities from other states holding that driving to the left and/or driving while under the influence of intoxicants constituted willful and malicious conduct within the meaning of 11 U.S.C. § 35. See Greenfield v. Tucillo, Sup., 38 N.Y.S.2d 758; Doty v. Rogers, 213 S.C. 361, 49 S.E.2d 594; Harrison v. Donnelly, CA 8th, Mo., 153 F.2d 588; and the annotation that appears at 13 A.L.R.2d 168.

However, in none of the cases cited by the plaintiff in support of his position, do we find the added fact that the jury made a special finding that defendant's conduct was not 'wanton' as it did herein.

■ We conclude from a thorough research of the applicable authorities that the word 'wanton' as used herein by the jury in the special verdict returned by them, is the equivalent of the term 'willfull and malicious' as the later phrase is used in 11 U.S.C. Section 35. See Remington on Bankruptcy, Sec. 3552 at page 811, (5th Ed., 1939); 9 Am.Jur.2d., Bankruptcy, Sec. 786 at page 589; 44A Words and Phrases, p. 473; Black's Law Dictionary, 4th Ed., 1951; In re Greene, 87 F.2d 951, 109 A.L.R. 1188 (CCA 7, 1937); Breeds v. McKinney, 171 Ohio St. 336, 170 N.E.2d 850.

■ Since it is well settled that injuries caused by mere negligence are not within the exception of the willful and malicious injuries under Section 35, supra, it is evident that the jury in the Arizona case, by their finding that the conduct of the defendant was not 'wanton' did, in effect, find that defendant's conduct amounted to mere negligence, and nothing more.

Defendant submits that where the judgment roll in the original action reflects the nature of the judgment entered, a later court may not go behind the judgment roll and determine in another case, the character of the liability of the defendant. He cites in support thereof the case of Peerson v. Mitchell, 205 Okl. 530, 239 P.2d 1028, 26 A.L.R.2d 1362, cert. denied, 342 U.S. 866, 72 S.Ct. 106, 96 L.Ed. 652 and Chambers v. Kirk, 41 Okl. 696, 139 P. 986.

Here we do not have the entire judgment roll of the Arizona case before us, but we do have the complaint, the answer and the special verdict of the jury. As stated above, the special verdict of the jury held that neither the conduct of the defendant in driving on the left or driving while under the influence of intoxicants was wanton.

■ We believe that such a finding by the jury is binding upon the District Court of Osage County, the trial court herein, and upon this court, in our review of that court's action.

■ In the case of Uphoff v. Meier, 184 Okl. 378, 87 P.2d 960, we held:

"Under the doctrine of estoppel by judgment, a fact, right, or question actually litigated and determined by a court of competent jurisdiction may not again be litigated in subsequent action between the same parties or their privies, even though involving a different cause of action."

To the same effect see Stark v. Stark, 188 Okl. 474, 110 P.2d 897; Staples v. Jenkins, 178 Okl. 186, 62 P.2d 504; 50 C.J.S. Judgments § 686.

The following statement from Collier, Bankruptcy, Vol. 1, Sec. 17.17 at page 1642 is also pertinent.

"But such court may not determine whether it would regard the injuries complained of as willful and malicious where the judgment of another court has been rendered upon the character of the liability."

We therefore hold that the finding of the Arizona jury, in their special verdict,

in a case fully litigated between the parties, precludes the parties from relitigating the matter here, and we therefore affirm the action of the trial court in his decision that the discharge in Bankruptcy operated to discharge the judgment obtained by the plaintiff.

Affirmed.