**UNITED STATES of America,**
**Plaintiff,**

v.

**Reg McQUATTERS, Defendant.**

**Civ. No. DR–73–CA–13.**

United States District Court,
W. D. Texas,
Del Rio Division.

Dec. 14, 1973.

---

William S. Sessions, U. S. Atty., by Henry Valdespino, Asst. U. S. Atty., San Antonio, Tex., for plaintiff.

J. G. Hornberger, Laredo, Tex., for defendant.

## OPINION AND ORDER

JOHN H. WOOD, Jr., District Judge.

This matter was considered by the Court, sitting without a jury, on December 13th 1973. Plaintiff asks the Court to revive a judgment entered against defendant in an action under the Civil False Claims Act 31 U.S.C. §§ 231–235. The defendant says the judgment was satisfied by the discharge granted to defendant in his subsequent bankruptcy proceedings.

The Court, having considered the pleadings, record and citations of counsel, makes the following findings and conclusions.

1. The defendant, who resides in Del Rio, Texas, was a vendor of conservation services in 1955 under plaintiff's Agricultural Conservation Program.

2. On January 30, 1961, plaintiff filed a False Claims Act action against defendant and others, U. S. v. Reg McQuatters, Civil No. 819, in the Southern District of Texas, Laredo Division. The gravamen of the complaint was that the defendant, for the purposes of obtaining excessive payments, knowingly overstated on invoices submitted to plaintiff his charges for performing brush control practices and the plaintiff made payments in reliance on these false invoices.

3. On February 20, 1962, the Court entered default judgment against defendant for $24,111.46 which represented the doubled portion of the Government's damages of $4,111.46 and 10 forfeitures of $2,000.00 each under the False Claims Act plus interest and costs. Court costs in that action were $73.80. There was no appeal taken from the judgment.

4. On August 30, 1968, the defendant filed a debtor's petition in bankruptcy, In the Matter of Reginald McQuatters, Bankrupt, in the Western District of Texas, Del Rio Division, BK–68–5–DR. The judgment debt owed to plaintiff was included among the creditor's claims shown on Schedule A-3 attached to defendant's petition. The bankrupt estate had no assets for dis-

tribution to unsecured creditors and the estate was closed without the appointment of a trustee.

5. Although duly notified of the pendency of the bankruptcy proceedings the plaintiff elected not to file a claim therein based upon the judgment which it held.

6. An order of discharge dated November 1, 1968, but filed in the bankruptcy proceedings on November 6, 1968, was granted to defendant, discharging the bankrupt from all provable debts "except such debts as are, by said Act, excepted from the operation of a discharge in bankruptcy."

7. On October 19, 1970, PL 91–467 was approved amending the Bankruptcy Act including Sec. 17(c), 11 U.S.C. § 35(c), to provide that the bankruptcy court will have exclusive jurisdiction to determine the dischargeability of particular types of debts, among them liabilities for obtaining money or property by false representations.

8. Section 10 of the amendatory Act says its provisions "shall take effect on and after 60 days from the date of its approval and shall govern proceedings in all cases filed after such date."

9. There are no payments or other credits to be applied to the judgment debt.

■ No question has been raised concerning the Court's jurisdiction over the parties to this action. However, a threshold issue is presented as to whether the Court has jurisdiction to rule on the dischargeability of plaintiff's judgment claim. We hold that it does.

The general rule prior to the 1970 amendatory Act was that the Court in which the debt is proceeded upon is the proper forum to determine whether a discharge releases a particular debt. 1A Collier on Bankruptcy, Sec. 17.28, page 1725. Since the amendatory Act governs only those proceedings filed after December 18, 1970, and this defendant's bankruptcy was initiated on August 30, 1968, the former rule applies in this case. 1A Collier on Bankruptcy, Sec. 17.05. pages 1590–1591.

■ The sole remaining issue is whether the debt owed by the defendant to plaintiff was discharged by the order of discharge subsequently granted to defendant. Where the debt is evidenced by a judgment, the Court may look to the record of the litigation in which the judgment was obtained (the record of Civil No. 819) as conclusive of the nature of the proceeding and of the basis on which the judgment was entered. Coen v. Zick, 9th Cir. 1972, 458 F.2d 326–328.

■ Plaintiff's 1961 complaint against the defendant alleged his liabilities arose because he knowingly falsified invoices and used these to obtain money from plaintiff to which he was not entitled. It requires no citation of authority to support the conclusion that such liabilities fall squarely within those not dischargeable in bankruptcy under Sec. 17a of the Bankruptcy Act, 11 U.S.C. § 35(a)(2).

It is of no significance that the original judgment was obtained by default. Where the nature of the claim reduced to judgment is to recover for money obtained by false representations the debt "will be excepted from the discharge as in the case of a judgment obtained in a contested action." 1A Collier on Bankruptcy, Sec. 17.16 [4] pages 1645–1646.

It is, therefore, ordered that plaintiff, United States of America, have judgment against defendant Reg McQuatters, for the sum of twenty-four thousand one hundred eleven and 46/100 dollars ($24,-111.46), with interest at six percent (6%) per annum from February 20, 1962, for costs in Civil No. 819 in the sum of seventy-three and 80/100 dollars ($73.80) and for the costs in this action.