In the Matter of Howard Brent SADWIN and Linda Pauline Sadwin, Bankrupts.

Dr. Thomas A. GORNALL, III, Appellant,

v.

Howard Brent SADWIN and Linda Pauline Sadwin, Appellees.

Bankruptcy No. 80–561 Civ T K.

United States District Court, M. D. Florida, Tampa Division.

Dec. 9, 1981.

---

885

Stanley M. Lane, Tampa, Fla., for plaintiff.

Allan C. Watkins, Tampa, Fla., for defendant.

## ORDER

KRENTZMAN, District Judge.

This is an appeal from a final judgment entered by the Bankruptcy Court, Paskay, J., on April 16, 1980. *In re Sadwin*, 3 B.R. 581 (Bkrtcy.M.D.Fla.1980). Appellant Dr. Gornall, (a veterinarian) plaintiff below, while treating appellee Sadwins' dog Hashish, was bitten by it. Dr. Gornall sued the Sadwins in state court. The Sadwins failed to appear at trial, default judgment was entered as to liability, and, upon subsequent hearing, damages were awarded in the amount of $77,829.00. The Sadwins sought relief in Bankruptcy Court, and Dr. Gornall filed a complaint in that court to determine whether the Sadwins' debt to him was dischargeable under the Bankruptcy Act.

Section 17(a)(8) provides that a bankrupt's "liabilities for willful and malicious injuries to the person or property of another ..." are not dischargeable. 11 U.S.C. § 35(a)(8). The issue, of course, is whether the Sadwins' liability is for "willful and malicious" injury to Dr. Gornall's person, and is therefore not dischargeable. Judge Paskay held that the liability was dischargeable, finding from all the circumstances that it was not the result of the Sadwins' "willful and malicious" injury to Dr. Gornall, and Dr. Gornall appeals. This Court affirms the judgment of the Bankruptcy Court.

Initially, the Court notes that the issue of dischargeability is one of federal law. Appellant argues that "willful and malicious conduct is inherent in the tort itself," and that therefore section 17(a)(8) necessarily makes the Sadwins' debt nondischargeable. Appellant's Brief at 5. This argument suggests that the state court's determination of liability requires a finding of nondischargeability, but that is not the case. The Bankruptcy Court has exclusive

jurisdiction to determine the question of dischargeability, *see* Bankruptcy Act, § 17(c), 11 U.S.C. § 35(c), and that determination is not governed by the elements of the underlying state cause of action or by the terms of the state judgment finding liability. *See Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Pigge,* 539 F.2d 369, 371 (3rd Cir. 1976). *But see United States v. McQuatters,* 370 F.Supp. 1286 (W.D.Tex.1973) (applying law in effect before § 17(c) amended to extend exclusive jurisdiction). Determination of dischargeability requires inquiry into the facts underlying the liability in question, and the Bankruptcy Court may hear evidence not introduced in the court that rendered the judgment on which liability is based. *See Brown v. Felsen, supra; Martin v. Rosenbaum,* 329 F.2d 817 (9th Cir. 1964).

The Bankruptcy Court applied the following test in determining whether the Sadwins' acts resulted in "willful and malicious injuries" and therefore in a nondischargeable liability: "To sustain a claim of dischargeability, the plaintiff must establish either that the Bankrupts actually harbored an illwill and malice toward the injured party and in furtherance of his hostility exposed the third party to the dog knowing that the dog will bite the third party whether excited or not or the owner willfully and knowingly put the dog in the position in which he knew that there was a great likelihood that he would harm others." 3 B.R. at 583. That court went on to find that the Sadwins did not know their dog was vicious, and even if they were aware of Hashish's "unpredictability," Dr. Gornall, as a veterinarian, assumed the risk of injury by agreeing to treat Hashish. *Id.* at 583–84.

This test adequately states the level of culpability that must inhere in the bankrupt's act in order to make his liability nondischargeable. The language of the statute itself requires willful and malicious conduct; mere negligence is not enough to render liability nondischargeable. *See, e.g., In re Jarreau,* 422 F.Supp. 947 (M.D.La. 1976). Judge Paskay heard the evidence in this case and found that the facts did not indicate the "willful and malicious" act necessary to present an exception to discharge. The Court cannot say that this conclusion was "clearly erroneous." *See* Bankruptcy Rule 810; *see also United States v. United States Gypsum Co.,* 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1947).

Appellants cite several cases in which liability on judgments for injury by pets was held nondischargeable. *See, e.g., Beam v. Kariam,* 47 N.Y.S.2d 193 (1944); *Yackel v. Nys,* 16 N.Y.S.2d 545, 258 App.Div. 318, *appeal denied,* 18 N.Y.S.2d 751, 259 App. Div. 787 (1939). Each of these courts based its decision at least in part on the fact that the bankrupt knew that his pet was dangerous. The Bankruptcy Court considered these decisions and properly distinguished them from the facts in this case.

Accordingly, this Court is of the opinion that the judgment of the Bankruptcy Court should, and it is hereby AFFIRMED.