718 F.2d 121
 9 Collier Bankr.Cas.2d 695, 11 Bankr.Ct.Dec. 402,
Bankr. L. Rep. P 69,446
 In the Matter of Ronald Anthony QUEZADA and Sherry Nivens
Quezada, Debtors.
Thomas KELT, Administrator of the Estate of his minor son,
Troy Kelt, Plaintiff-Appellant,
v.
Ronald Anthony QUEZADA and Sherry Nivens Quezada,
Defendants-Appellees.
 No. 83-3121
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 24, 1983.
 Jacqueline Carr, Slidell, La., for plaintiff-appellant.
 John M. Holahan, New Orleans, La., for defendants-appellees.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.
 TATE, Circuit Judge:
 
 
 1
 The creditor-plaintiff, Kelt, filed a complaint in the bankruptcy proceedings of the debtors Quezada to determine the dischargeability of his state-court judgment against the Quezadas. The damages awarded were for injuries inflicted by a pit bulldog owned by the Quezadas. The plaintiff appeals from the determination of the bankruptcy court, affirmed by the district court, that the debt was discharged.
 
 
 2
 The plaintiff Kelt contends that the debtors-bankrupts' conduct in harboring in a crowded neighborhood a vicious dog, known to have previously bitten another person, resulted in a nondischargeable debt "for willful and malicious injury by the debtor." Section 523(a)(6) of the Bankruptcy Code of 1978, 11 U.S.C. Sec. 523(a)(6). We affirm, however, the holding that the mere harboring of a vicious dog, although it is permitted to escape negligently to cause injury, is not the deliberate and intentional conduct by the debtor required for nondischargeability of a debt for the resulting injury, as causing "willful and malicious injury by the debtor" within the meaning of Section 523(a)(6).
 
 
 3
 Under stipulated facts, the Quezadas maintained a vicious bulldog within their fenced premises, with knowledge that the dog had previously bitten a child. The dog escaped from the premises when Mrs. Quezada opened the gate to allow Mr. Quezada to bring his truck into the yard. The dog attacked the four-year-old son of the plaintiff Kelt without provocation, causing injuries for which Kelt had obtained in state court a judgment of $8,400 as administrator of his child's estate. Other than their harboring of the animal and inadvertently permitting it to escape, no action or conduct by the Quezadas caused or contributed to the attack by the dog upon the child.
 
 
 4
 For reasons to be noted, neither the Quezadas' harboring of the pit bulldog within their fenced premises in a crowded neighborhood, nor their subsequent negligence in permitting the dog to escape so as to cause injury, constitutes the deliberate and intentional infliction of injury so as to make the debt therefor nondischargeable under Section 523(a)(6).
 
 
 5
 * Prior to its repeal by the Bankruptcy Code of 1978, the predecessor provision in the Bankruptcy Act of 1898 had excepted from dischargeability "liabilities for willful and malicious injuries to the person or property of another." Section 17(a)(8), as amended, formerly 11 U.S.C. Sec. 35(a)(8). In Tinker v. Colwell, 193 U.S. 472, 24 S.Ct. 505 (1904) the Supreme Court held nondischargeable under this provision a husband's recovery of damages in state court against the bankrupt-defendant for adultery committed with the plaintiff's consenting wife. Some courts subsequently interpreted the Supreme Court's rationale as providing that conduct entered into with reckless disregard for the rights of others that caused damage resulted in nondischargeable liability for "willful" injury within the meaning of Section 17(a)(8).[1] Arguably, the harboring of a vicious dog in a crowded neighborhood could be regarded as harm-causing conduct entered into with reckless disregard for the injury it might cause to others.[2]
 
 
 6
 Nevertheless, by the replacement of the former Act's Section 17(a)(8) with the 1978 Code's Section 523(a)(6), Congress expressly intended to overrule legislatively the reckless-disregard test for nondischargeability. The new statutory language excepting from discharge a debt "for willful and malicious injury by the debtor to another," Section 523(a)(6) (emphasis added; being the wording added by the 1978 Code), was explicitly so explained. Both House and Senate reports on versions containing identical language insofar as the final enactment of the provision in Section 523(a)(6), explained that the statutory provision excepted from dischargeability debts for willful and malicious injury by the debtor and that
 
 
 7
 Under this paragraph, "willful" means deliberate or intentional. To the extent that Tinker v. Colwell, 139 U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754] (1902), held that a less strict [in House version, "looser" for "less strict"] standard is intended, and to the extent that other cases have relied on Tinker to apply a "reckless disregard" standard, they are overruled.
 
 
 8
 H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 365 (1977) reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6320-21; S.Rep. No. 95-989, 95th Cong., 1st Sess. 79 (1978), reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5865.[3]
 
 II
 
 9
 As summarized by a leading treatise, the effect of the 1978 Code's provision is that:
 
 
 10
 In order to fall within the exception of section 523(a)(6), the injury to an entity or property must have been willful and malicious. An injury of an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excessive, even in the absence of personal hatred, spite or ill-will. The word "willful" means "deliberate or intentional", a deliberate and intentional act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury.
 
 
 11
 3 Collier on Bankruptcy Sec. 523.16 at 523-118 (15th ed. 1983).
 
 
 12
 Under the present facts, no debt for "willful and malicious injury by the debtor", Section 523(a)(6), is shown. The debtors Quezadas' intentional harboring of the vicious pit bulldog within their fence is not shown to be conduct intentionally exposing others to harm by the vicious dog. The negligence of the debtors in permitting the dog to escape when they opened the gate is not shown to be conduct designed to cause deliberate or intentional injury.
 
 
 13
 We have found only isolated decisions addressing the issue before us. In Matter of Sadwin, 15 B.R. 884 (D.C.M.D.Fla.1981), affirming 3 B.R. 581 (Bkrtcy.M.D.Fla.1980), as well as in Matter of Cecko, 27 B.R. 26 (Bkrtcy.N.D.Ohio 1982), upon a similar analysis the courts reached the same conclusion as we have here, in rejecting claims of nondischargeability for injuries resulting from the harboring of a vicious dog. In In Re Rines, 18 B.R. 666 (Bkrtcy.M.D.Ga.1982), however, the court concluded injury so caused was nondischargeable, based upon its determination that the 1978 Bankruptcy Code amendment was not intended to overrule the reckless-disregard standard for nondischargeability; for reasons earlier noted, we disagree with this rationale.
 
 Conclusion
 
 14
 We AFFIRM, finding as did the previous courts that the liability for injuries caused by a vicious dog negligently let loose are not excepted from dischargeability in bankruptcy as being a debt for "willful and malicious injury by the debtor" within the meaning of Section 523(a)(6).
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Among these are three decisions by New York state courts, the only decisions cited to us by the plaintiff-creditor that held nondischargeable under former Section 17(a)(8) a liability resulting from dog-bite based on mere harboring of it (i.e., in reckless disregard of the rights of others). Yackel v. Nys, 258 App.Div. 318, 16 N.Y.S.2d 545 (App.Div., 1939); Humphreys v. Heller, 157 Misc. 568, 283 N.Y.S. 915 (Sup.Ct.Bronx County, 1935); Beam v. Karaim, 47 N.Y.S.2d 193 (Broome County Court, 1944)
 
 
 [2]
 See the decisions cited in note 1
 
 
 [3]
 The plaintiff Kelt cites remarks in Congressional debate that final version of Section 523(a)(6) adopts the position taken by the House bill and rejects the Senate version. The plaintiff overlooks that this comment referred only to elimination of the phrase "or conversion" from the Senate version and adopts the House position that a "willful and malicious injury," i.e., the statutory language, covers a willful and malicious conversion. 124 Cong.Rec.H. 11,095 (Sept. 28, 1978); S. 17412 (Oct. 6, 1978). Both houses were in agreement as to their version and intent as to what constituted a nondischargeable "willful and malicious injury by the debtor"; their disagreement as to whether a conversion of that nature was or was not included within the term is, of course, immaterial to the present issue