In re Richard J. ZALOWSKI, f/d/b/a Speedy Car Wash, Debtor.

David DENEHY, Plaintiff,

v.

Richard J. ZALOWSKI, f/d/b/a Speedy Car Wash, Michael B. Katz, Trustee, Defendant.

Bankruptcy No. 89–40027.
Adv. No. 89–4026.

United States Bankruptcy Court,
D. Massachusetts.

Nov. 17, 1989.

Gary M. Weiner, Kamberg, Berman & Gold, Springfield, Mass., for David Denehy/plaintiff.

Jonathan Goldsmith, Hendel, Collins & Newton, Springfield, Mass., for debtor/defendant.

## OPINION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

Cross motions for summary judgment present the question of whether an employee with an injury compensable under workers' compensation law has a claim against his employer which is nondischargeable in the employer's bankruptcy due to the employer's failure to maintain workers' compensation insurance. More specifically, the case turns upon whether the damage claim is "for willful and malicious injury" to "property" within the meaning of 11 U.S.C. § 523(a)(6), the "property" consisting of the employee's insurance rights.

Facts stipulated by the parties disclose the following: The plaintiff, David Denehy (the "Employee"), was injured when he fell from a hose rail while working for Richard J. Zalowski (the "Employer") at the Employer's car wash. Although the injury was neither negligently nor intentionally caused by the Employer, it was covered under workers' compensation law. Unfortunately, the Employer's workers' compensation insurance policy had previously lapsed. The Employee recovered a default judgment of $50,000 plus interest and costs in state court, and the Employer's Chapter 7 bankruptcy petition soon followed.

Not content with these stipulated facts, the Employee asserts by affidavit that the Employer "had notice of termination of previously existing coverage ... deliberately chose not to renew said coverage ... [and] intentionally failed to provide Workers' Compensation Insurance coverage for the [Employee]." In a countering affidavit, the Employer states: "As a result of financial restraints including certain court ordered support payments, I had insufficient funds to pay all obligations. Accordingly, some bills simply did not get paid including my workers' compensation premium despite my best efforts to pay all obligations." There is no dispute, therefore, that the Employer was aware of the insurance bill and the coverage lapse which would flow from not paying it, but was financially unable to pay both this bill and

other obligations, particularly court-ordered support obligations.

The Employee's argument runs along these lines: The Employer's choice to pay other obligations and not workers' compensation insurance premiums was a willful act; it caused immediate and obvious injury to the Employee's statutory right of insurance coverage, a financial property right; that inchoate property loss foreseeably ripened into an actual loss upon the Employee's injury; the premium non-payment therefore constitutes willful and malicious injury to the Employee's property. A fair array of decisions supports this argument. *See Strauss v. Zielinski,* 99 B.R. 396 (N.D. Ill.1989) (affirming Bankruptcy Court decision at 86 B.R. 559); *Vig v. Erickson (In re Erickson),* 89 B.R. 850 (Bankr.D. Idaho 1988); *Juliano v. Holmes (In re Holmes),* 53 B.R. 268 (Bankr.W.D.Pa.1985). Other courts discharge the debt, primarily because the employer's non-payment of the insurance premium did not necessarily cause financial injury to the employee in that he may never have been injured. These courts conclude that there has been negligence at most. *See Samuel v. Baitcher,* 36 B.R. 588, 594 (Bankr.N.D.Ga. 1983); *Hamilton v. Brower,* 24 B.R. 246 (Bankr.D.N.M.1982); *Aldridge v. Scott (In re Scott),* 13 B.R. 25 (Bankr.C.D.Ill.1981). *See also* the as-yet unpublished decisions of Judge Kenner of this district in *Workers' Compensation Trust Fund v. Collins (In re Collins),* 109 B.R. 541 (1989) (failure to provide workers' compensation insurance not "willful" because it did not inevitably cause harm) and *Madden v. Fate (In re Fate),* 100 B.R. 141 (Bankr.D.Mass.1989) (same with respect to failure to provide compulsory motor vehicle personal liability insurance).

■ It is common ground that neither negligence nor reckless disregard for another's person or property is "willful" conduct under § 523(a)(6). The statute's legislative history declares:

> Under this paragraph, 'willful' means deliberate or intentional. To the extent that *Tinker v. Colwell,* 139 [sic] [193] U.S. 473 [24 S.Ct. 505, 48 L.Ed. 754]

(1902) [sic] [1904], held that a looser standard is intended, and to the extent that other cases have relied on *Tinker* to apply a 'reckless disregard' standard, they are overruled.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 365 *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6320–21; S.Rep. No. 989, 95th Cong.2d Sess. 79, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5865.

■ It seems equally clear that the word "malicious" in § 523(a)(6) does not impose a requirement that a debtor have acted with personal malevolence toward the party seeking nondischargeability. This was settled long ago in *Tinker v. Colwell,* 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904), where the court held that a judgment for criminal conversation with the plaintiff's wife was nondischargeable under § 17(2) of the Bankruptcy Act of 1898 which denied discharge to judgments "for willful and malicious injuries to the person or property of another." As seen from the legislative history to § 523(a)(6), *Tinker* has been interpreted, wrongly I think, to deny discharge to a debt resulting from injury caused by mere reckless conduct. But its rejection of the need for personal malevolence continues to be law under the Bankruptcy Code. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Vaughn,* 779 F.2d 1003 (4th Cir.1985) (debt from conversion of funds held nondischargeable); *Barclays American/Business Credit, Inc. v. Long (In re Long),* 774 F.2d 875 (8th Cir.1985) (conversion of lender's collateral held not dischargeable).

I do not understand the parties to quarrel with these standards. They differ in applying them to what has transpired here. The Employee says that a conscious decision not to pay the insurance premium is sufficient. To the Employer, injury or damage must have been intended, or at least inevitable.

■ I find guidance in principles of tort law, as have other courts. *See, e.g., In re Long,* 774 F.2d at 881. Intent in tort law means that the actor either desires to cause the consequences of his act or believes that the consequences are substantially certain

434

to result from it. Restatement (Second) of Torts § 8A (1965). A gun fired with no one in sight involves an intentional pulling of the trigger but not intentional injury to the party struck. *Id.*, comment (a). Reckless driving, where there is no substantial certainty of injury, is not intentional conduct. *Id.* illustration 2. As the probability of harm decreases, the conduct becomes merely negligent. *Id.*, comment b. Negligence can involve intentional conduct, not just inattention such as going through an unseen red light. Negligence has been defined as conduct which "falls below the standard established by law for the protection of others against unreasonable risk of harm." Restatement (Second) of Torts § 282 (1965).

The distinctions, then, among intentional, reckless, negligent and non-tortious conduct lie in the degree of risk of harm, which runs from substantial certainty to a reasonable risk. Decisions under § 523(a)(6) have employed this type of analysis. *Farmers Insurance Company v. Compos (In re Compos)*, 768 F.2d 1155 (10th Cir.1985) involved injury caused by drunken driving. The plaintiff argued that the drinking was intentional. Observing that "willful" modifies "injury" in the statute, the court rejected the notion that only the act and not the injury need be intended. In *Kelt v. Quezada (In re Quezada)*, 718 F.2d 121 (5th Cir.1983), injury resulted when the debtor opened a gate to allow entry of a vehicle, permitting the escape of her vicious pit bulldog into a crowded residential area. The court did not regard the intentional act of opening the gate as enough to make the injury "willful and malicious." *Id.* at 123. *Compare First National Bank of Albuquerque v. Franklin (In re Franklin)*, 726 F.2d 606 (10th Cir.1984) (appendectomy operation involving disregard of acceptable medical practice deemed "willful and malicious"); *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir. 1987) (podiatrist's "unnecessary" injection of foot with unsterile needle, and failure to perform timely tests, deemed "willful and malicious."). I therefore conclude that *Collier* correctly sets forth the controlling principles in stating:

An injury to an entity or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will. The word "willful" means "deliberate or intentional," a deliberate and intentional act *which necessarily leads to injury* ... [Emphasis added].

3 King, *Collier on Bankruptcy*, para. 523.-16 (15th ed. 1989).

■ In the present case, the Employer's failure to pay insurance premiums did not necessarily lead to either personal or financial injury to the Employee. It was perfectly possible, perhaps likely, that neither the Employee nor any co-worker would suffer a compensable injury during the period of insurance lapse. True, the Employee's statutory right to insurance coverage was necessarily denied. But without the occurrence of a compensable accident the present claim could not arise.

There is another reason that this claim falls outside § 523(a)(6). The Employee's statutory right to insurance coverage is not "property" within the meaning of the statute. The word is presumably used in the same sense in which it is used to describe interests which become part of the bankruptcy estate under § 541. No one would suggest that various statutory or constitutional rights fall within the purview of § 541 prior to their violation and ripening into a cause of action.

The decisions which the Employee relies upon confuse intentional and negligent conduct in concluding that foreseeability of injury is all that is required. There must be substantial certainty. That was not present here. Perhaps Congress did not wish to impose the sanction of nondischargeability for much the same reason that only civil sanctions attach to such conduct.

Judgment will be entered for the Employer.