**In re Michael I. MONUS, Debtor.**

**Giant Eagle, Inc. and Giant Eagle of Delaware, Inc., Plaintiffs,**

v.

**Michael I. Monus, Defendant.**

**Bankruptcy No. 92–41883.
Adversary No. 96–4028.**

United States Bankruptcy Court,
N.D. Ohio.

June 16, 2003.

Bruce R. Epstein, Youngstown, OH, Kenneth R. Kline, Boardman, OH, Mark B. Cohn, Cleveland, OH, Mark Schlachet, Cleveland, OH, Richard D. Goldsberg, Youngstown, OH, for Debtor.

Harry Wright, IV, Bricker & Eckler, LLP, Columbus, OH, for Thomas D. Lambros, trustee.

Saul Eisen, Cleveland, OH, United States Trustee.

Jeffrey T. Heintz, Akron, OH, for Official Creditor's Committee.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Chief Judge.

This cause is before the Court upon the motion for summary judgment on the claim by Plaintiff Giant Eagle of Delaware, Inc. ("Plaintiff") against Debtor/Defendant Michael I. Monus ("Defendant") pursuant to 11 U.S.C. § 523(a)(2)(B) and (6), and, in the alternative, under § 727(a)(2), (3) and (7). Defendant filed a response to Plaintiff's motion on February 20, 2002. This Court now considers Plaintiff's motion for summary judgment based on the motions submitted to this Court and the attached affidavits and certified exhibits. Under 28 U.S.C. § 157(b)(2)(J), objections to discharge are core proceedings.

## I. STANDARD OF REVIEW

The procedure for granting summary judgment is found in FED. R. CIV. P. 56(c), made applicable to this proceeding through FED. R. BANKR. P. 7056, which provides in part that

> [t]he judgment sought shall be rendered forth-with if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Summary judgment is not appropriate if there is a material dispute over the facts, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Sixth Circuit has recognized that *Liberty Lobby, Celotex* and *Matsushita* effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1476 (6th Cir. 1989). In responding to a proper motion for summary judgment, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Street,* 886 F.2d at 1479 (quoting *Liberty Lobby,* 477 U.S. at 257, 106 S.Ct. 2505). The nonmoving party must introduce more than a scintilla of evidence to overcome the summary judgment motion. *Street,* 886 F.2d at 1479. It is also not sufficient for the nonmoving party merely to "show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. Moreover, "[t]he trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street,* 886 F.2d at 1479. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

This line of cases emphasizes the point that when one party moves for summary judgment, the nonmoving party must take affirmative steps to rebut the application of summary judgment. Courts have stated that:

> Under *Liberty Lobby* and *Celotex,* a party may move for summary judgment asserting that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict, and if the opposing party is therefore unable to demonstrate that he can do so, summary judgment is appropriate. "In other words, the movant could challenge the opposing party to 'put up or shut up' on a critical issue [and] ... if the respondent did not 'put up,' summary judgment was proper."

*Fulson v. City of Columbus,* 801 F.Supp. 1, 4 (S.D.Ohio 1992) (quoting *Street,* 886 F.2d at 1478).

## II. FACTS

On November 21, 1989 Plaintiff purchased 145,917 shares of stock in Phar–Mor Inc. ("Phar–Mor") for Twenty–Five Million Five Hundred Thirty–Five Thousand Four Hundred Seventy–Five Dollars ($25,535,475.00) and on October 5, 1990 Plaintiff purchased 1,250,000 shares of stock in Phar–Mor for Twenty–Five Million Dollars ($25,000,000.00). Phar–Mor subsequently filed for bankruptcy in August 1992. Plaintiff received no distribution from the bankruptcy estate on account of its stock, nor did it receive any recovery from any other source. Plaintiff's total loss on its purchases of Phar–Mor stock in October 1990 and August 1992 is Fifty Million Five Hundred Thirty–Five Thousand Four Hundred Seventy–Five Dollars ($50,535,475.00).

Plaintiff claims that it purchased Fifty Million Five Hundred Thirty–Five Thousand Four Hundred Seventy–Five Dollars ($50,535,475.00) worth of Phar–Mor stock in reliance on financial information that was falsified by Defendant. In early 1989 Defendant, acting in his capacity as President and Chief Operating Officer of Phar–Mor, began falsifying the financial records of Phar–Mor to conceal various embezzlements of company funds by Defendant. Defendant made unauthorized payments to the World Basketball League ("WBL"), a financially troubled professional sports league, in which Defendant had made substantial investments and of which he was a majority owner. Defendant then concealed the true financial condition of Phar–Mor from its board of directors, auditors, investors, creditors and others by manipulating and altering the financial books and records of Phar–Mor to overstate its net worth by reflecting inflated balances for inventory and accounts receivables. In sum, Defendant concealed approximately One Hundred Fifty Millions Dollars ($150,-000,000.00) in losses, including Nine Million Dollars ($9,000,000.00) in unauthorized checks written to the WBL.

On account of Defendant's actions, Defendant was convicted of a 109 count indictment that charged him with federal wire fraud, mail fraud, bank fraud, conspiracy to commit such fraud, engaging in the interstate transportation of stolen property, filing a false tax return and obstruction of justice. Judgment in these criminal matters was entered December 7, 1995. On October 21, 1997, the United States Court of Appeals for the Sixth Circuit affirmed the conviction of Defendant on all counts, vacated the sentence and remanded the cause for sentencing consistent with its opinion. *See United States v. Monus,* 128 F.3d 376 (6th Cir.1997). Defendant's criminal activities while President and Chief Operating Officer of Phar–Mor clearly contributed to Phar–Mor's filing for bankruptcy in August 1992 and Plaintiff's losses due to its purchase of Phar–Mor stock.

█ Plaintiff's motion for summary judgment moves this Court to determine that Plaintiff's claim of Fifty Million Five Hundred Thirty–Five Thousand Four Hundred Seventy–Five Dollars ($50,535,-475.00) is excepted from discharge under 11 U.S.C. § 523(a)(2)(B) and (6), and, in the alternative, under § 727(a)(2), (3) and (7). Plaintiff relies primarily upon Defendant's criminal conviction in support of its motion for summary judgment. As previously decided by this Court, Defendant is precluded from re-litigating whether he committed federal wire fraud, mail fraud, bank fraud, conspiracy to commit such fraud, engaging in the interstate transportation of stolen property, filing a false tax return and obstruction of justice under the doctrine of collateral estoppel as a result of his criminal conviction. *P–M Litig. LLC v. Monus,* No. 92–41833, Adv. 96–4023

(Bankr.N.D.Ohio Aug. 11, 1998); *see Grogan v. Garner*, 498 U.S. 279, 285, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (collateral estoppel principles apply in dischargeability actions); *Secs. & Exch. Comm'n v. Bilzerian (In re Bilzerian)*, 153 F.3d 1278, 1281 (11th Cir.1998) (same); *Rally Hill Prods., Inc. v. Bursack (In re Bursack)*, 65 F.3d 51, 53 (6th Cir.1995) (same).[1] Defendant's response to Plaintiff's motion asserts that Plaintiff's motion should be denied in its entirety because Plaintiff is not a victim of Defendant's criminal activities.

## III.  DISCUSSION

### A.  Section 523

■ Plaintiff argues that its claim of Fifty Million Five Hundred Thirty–Five Thousand Four Hundred Seventy–Five Dollars ($50,535,475.00) is excepted from discharge under 11 U.S.C. § 523(a)(2)(B) and (6).  If a particular debt is excepted from discharge under § 523, it will survive the bankruptcy proceedings and is a claim against the debtor's assets and future income.  For the following reasons, Plaintiff's motion for summary judgment under § 523(a)(2)(B) and (6) is overruled.

### 1.  Section 523(a)(2)(B)

■ Plaintiff's motion for summary judgment pursuant to § 523(a)(2)(B) is overruled because the financial reports falsified by Defendant did not concern Defendant's own personal financial condition.  Subsection (B) of § 523(a)(2) generally provides that debt arising out of the procuring of a loan with a false financial statement is not dischargeable.  Subsection (B) states as follows:

**1.** "Collateral estoppel requires that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome." *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir.1981).

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(B) [the] use of a statement in writing—

(i) that is materially false;

(ii) respecting the *debtor's or an insider's financial condition;*

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive[.]

11 U.S.C. § 523(a)(2)(B) (emphasis added). The elements of § 523(a)(2)(B) must be proved by a preponderance of the evidence.  *Grogan*, 498 U.S. at 291, 111 S.Ct. 654.  Thus, Plaintiff must prove that its debt was obtained by the use of a statement:

(1) in writing;  (2) that is materially false;  (3) respecting the debtor's or an insider's financial condition;  (4) on which the creditor to whom the debtor is liable for money, property, services or credit reasonably relied;  (5) that the debtor caused to be made or published with intent to deceive.

4 Lawrence P. King et al., Collier on Bankruptcy ¶ 523.08[2] (15th ed.2003).

■ It is clear from the record that Defendant concealed the true financial condition of Phar–Mor from Plaintiff by altering Phar–Mor's financial records.

Accordingly, this Court will only consider those issues actually litigated and decided in Defendant's prior criminal proceedings in considering Plaintiff's motion for summary judgment.

What Plaintiff fails to recognize, however, is that the financial reports did not concern Defendant's own personal financial condition but that of Phar–Mor. An essential element under § 523(a)(2)(B) is that false financial information concern "the debtor's or an insider's financial position." Furthermore, Defendant's criminal conviction does not address whether Plaintiff "reasonably relied" upon Phar–Mor's false financial records. Accordingly, Plaintiff's motion for summary judgment under subsection (B) of § 523(a)(2) is overruled.

### 2. Section 523(a)(6)

Plaintiff's motion for summary judgment pursuant to § 523(a)(6) is overruled because Defendant did not intend to cause Plaintiff to lose Fifty Million Five Hundred Thirty–Five Thousand Four Hundred Seventy–Five Dollars ($50,535,475.00). Section 523(a)(6) provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable. 11 U.S.C. § 523(a)(6). The issue of what constitutes "willful and malicious" conduct was decided by the Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). Prior to the Supreme Court's decision there was a circuit split regarding this issue. *See e.g.*, *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir. 1987); *Impulsora Del Territorio Sur, S.A. v. Cecchini (In re Cecchini)*, 780 F.2d 1440 (9th Cir.1986); *First Nat'l Bank of Albuquerque v. Franklin (In re Franklin)*, 726 F.2d 606 (10th Cir.1984); *Kelt v. Quezada (In re Quezada)*, 718 F.2d 121 (5th Cir. 1983). When the Sixth Circuit Court of Appeals originally addressed this issue it held that "a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury." *Perkins*, 817 F.2d at 394 (citing 3 LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY

¶ 523.111 (15th ed.1986)). The Supreme Court, however, reversed this holding and adopted a stricter version of what constitutes "willful and malicious" conduct under § 523(a)(6).

In *Kawaauhau*, the Supreme Court held that § 523(a)(6) is generally limited to conduct which may be classified as intentional torts:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or "negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself."

*Kawaauhau*, 523 U.S. at 61–62, 118 S.Ct. 974 (holding debt arising from medical malpractice judgment not within § 523(a)(6) exception even though debtor intentionally rendered inadequate medical care); *see* 4 LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY ¶ 523.12[1] (15th ed.2003). While it is clear that Defendant intentionally performed various criminal acts, it is also clear that Defendant's actions do not rise to the level of an intentional tort against Plaintiff. Defendant intended to embezzle funds from Phar–Mor. Defendant did not intend to cause Plaintiff to lose Fifty Million Five Hundred Thirty–Five Thousand Four Hundred Seventy–

Five Dollars ($50,535,475.00). Accordingly, Plaintiff's motion for summary judgment under § 523(a)(6) is overruled.

### B. Section 727(a)

██ Plaintiff argues, in the alternative, that its claim of Fifty Million Five Hundred Thirty–Five Thousand Four Hundred Seventy–Five Dollars ($50,535,475.00) is excepted from discharge under 11 U.S.C. § 727(a)(2), (3) and (7). The discharge of a debtor found in violation of § 727(a) is denied entirely and the debtor's assets and future income are subject to the claims of the debtor's creditors. For the following reasons, Plaintiff's motion for summary judgment under § 727(a)(2) and (3) is overruled. Plaintiff's motion for summary judgment under § 727(a)(7), however, is supported by the record before this Court and is hereby sustained.

### 1. Section 727(a)(2)

██ Plaintiff's motion for summary judgment pursuant to § 727(a)(2) is overruled because Plaintiff has not alleged that Defendant has taken any improper acts regarding property of his estate. Under § 727(a)(2) a debtor that has committed a serious fraudulent conveyance within one year prior to the date of the filing of the petition is denied a discharge. Section 727(a)(2) provides:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) *property of the debtor,* within one year before the date of the filing of the petition; or

(B) *property of the estate,* after the date of the filing of the petition[.]

11 U.S.C. § 727(a)(2) (emphasis added). Defendant's criminal convictions concern his embezzlement of property belonging to Phar–Mor and not his personal property or property of his estate. Plaintiff has not alleged that Defendant has taken any improper acts with respect to "property of the debtor" or "property of the estate." Accordingly, Plaintiff's motion for summary judgment under § 727(a)(2) is overruled.

### 2. Section 727(a)(3)

██ Plaintiff's motion for summary judgment pursuant to § 727(a)(3) is overruled because Plaintiff has not alleged that Defendant concealed his own financial information. Under § 727(a)(3) a debtor is denied a discharge if the debtor has failed to make a full financial disclosure. Section 727(a)(3) provides that:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the *debtor's financial condition or business transactions* might be ascertained, unless such act or failure to act was justified under all the circumstances of the case[.]

11 U.S.C. § 727(a)(3) (emphasis added). Defendant's criminal actions concerned the financial information of Phar–Mor and not his own financial information or business transactions. Accordingly, Plaintiff's motion for summary judgment under § 727(a)(3) is overruled.

### 3. Section 727(a)(7)

██ Plaintiff's motion for summary judgment pursuant to § 727(a)(7) is sus-

tained because Defendant defrauded creditors and destroyed financial records in connection with Phar–Mor's bankruptcy. "Section 727(a)(7) extends the basis for denial of discharge to the debtor's misconduct in a substantially contemporaneous related bankruptcy case." 6 LAWRENCE P. KING ET AL., COLLIER ON BANKRUPTCY ¶ 727.10 (15th ed.2003). Section 727(a)(7) provides that:

(a) The court shall grant the debtor a discharge, unless—

(7) the debtor has committed any act specified in paragraph (2), (3), (4), (5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider[.]

11 U.S.C. § 727(a)(7). The term "insider" is defined to include a corporation of which the debtor is a director if the debtor is an individual. 11 U.S.C. § 101(31)(A)(iv). Defendant was the President and Chief Operating Officer of Phar–Mor; thus, Defendant was an "insider" within the meaning of § 727(a)(7). Defendant filed a petition for relief under Chapter 11 on September 25, 1992. While Defendant's case was converted from Chapter 11 to Chapter 7 on June 14, 1995, the conversion of a case from Chapter 11 to Chapter 7 does not effect a change in "the date of the filing of the petition" under § 727(a)(7). 11 U.S.C. § 348(a). Thus, this Court must determine whether Defendant committed any act specified in paragraph (2), (3), (4), (5) or (6) from September 25, 1991 to September 25, 1992 or during his case in connection with Phar–Mor's bankruptcy.

■■■ Section 727(a)(7), incorporating § 727(a)(2), provides that:

(a) The court shall grant the debtor a discharge, unless—

(2) the [debtor/insider], with intent to hinder, delay, or defraud a creditor or an officer of the [corporation/estate] charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the [corporation/debtor], within one year before the date of the filing of the petition; or

(B) property of the [corporation/estate], after the date of the filing of the petition[.]

11 U.S.C. § 727(a)(7), (a)(2). Exceptions to discharge under § 727 require proof by a preponderance of the evidence. *Barclays/Am. Bus. Credit, Inc. v. Adams (In re Adams)*, 31 F.3d 389, 394 (6th Cir.1994). Thus, Plaintiff must prove that (1) Defendant transferred, removed, destroyed, mutilated or concealed property of Phar–Mor; (2) within one year before the date Phar–Mor filed for bankruptcy or after the date Phar–Mor filed for bankruptcy and (3) Defendant acted with an intent to hinder, delay or defraud Phar–Mor's creditors or an officer of Phar–Mor. Plaintiff is permitted, under the principles of collateral estoppel, to rely upon the factual findings in Defendant's criminal proceedings in satisfying this burden. *See Grogan*, 498 U.S. at 285, 111 S.Ct. 654.

■■■ It is undisputed that Defendant was found guilty beyond a reasonable doubt of the following: (1) Counts 9 through 90 of the indictment that Defendant "knowingly" and "willfully" embezzled funds from Phar–Mor and was guilty of interstate transportation of stolen property by causing approximately 82 Phar–Mor company checks to be written to the WBL; (2) Count 91 of the indictment that Defendant "devised and intended to devise a scheme and artifice to defraud Phar–Mor,

Inc., and to obtain money and property by means of false and fraudulent pretenses, representations, and promises" (Mot. for Summ. J., Ex. 1 at 28) and was guilty of wire fraud for all amounts Defendant fraudulently received in exchange for redemption of Phar–Mor stock; (3) Count 92 of the indictment that Defendant was guilty of obtaining money and property by fraudulent and false pretenses and of wire fraud for the Bonus Payment fraudulently received by Defendant and (4) Counts 93 through 106 of the indictment that Defendant embezzled funds from Phar–Mor for personal expenses and was guilty of interstate transportation of stolen property with respect to all amounts embezzled. These acts were committed as early as June 30, 1989 and continued until on or about July 29, 1992, the month prior to Phar–Mar's bankruptcy filing. Thus, Defendant was found guilty beyond a reasonable doubt of (1) transferring, removing, destroying mutilating or concealing property of Phar–Mor; (2) within one year before the date Phar–Mor filed for bankruptcy and (3) Defendant performed such acts with an intent to hinder, delay or defraud Phar–Mor's creditors and officers of Phar–Mor. Thus, Plaintiff has satisfied its burden of demonstrating beyond a preponderance of the evidence that Defendant, with intent to defraud creditors and officers of Phar–Mor, transferred property from Phar–Mor within the year proceeding its bankruptcy.

■ Furthermore, it was proved beyond a reasonable doubt that Defendant falsified Phar–Mor's financial records and obstructed the due administration of justice by shredding books, records and other documents relating to funds paid by Phar–Mor to the WBL. Under § 727(a)(7), incorporating § 727(a)(3):

(a) The court shall grant the debtor a discharge, unless—

(2) the [debtor/insider] has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the [debtor/corporation's] financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case[.]

11 U.S.C. § 727(a)(7), (a)(3). Thus, Plaintiff must prove that (1) Defendant concealed, destroyed, mutilated or falsified Phar–Mor's financial records or any other documents from which Phar–Mor's financial condition or business transaction might have been ascertained and (2) Defendant was not justified under all the circumstances of the case in performing such acts. Again, Plaintiff is permitted, under the principles of collateral estoppel, to rely upon the factual findings in Defendant's criminal proceedings in satisfying this burden. *See Grogan*, 498 U.S. at 285, 111 S.Ct. 654.

It is undisputed that Defendant was found guilty beyond a reasonable doubt of the following: (1) Count 1 of the indictment that Defendant "fraudulently [manipulated] and [falsified] the financial records of Phar–Mor, Inc., to conceal various embezzlements of company funds by the defendant" (Mot. for Summ. J., Ex. 1 at 3) and was guilty of concealing "the true financial condition of Phar–Mor, Inc., from its board of directors, auditors, investors, creditors, and others, by manipulating and altering the financial books and records of the company to substantially overstate its net worth by reflecting inflated balances for inventory and accounts receivable" (*Id.*); and (2) Count 109 of the indictment that Defendant "did corruptly endeavor to influence, obstruct and impede the due administration of justice in a pending federal judicial proceeding, namely, a Grand

Jury proceeding, by shredding and causing to be shredded, books, records, and other documents of and relating to the World Basketball League" (*Id.* at 34). Viewing the record as a whole, this Court cannot ascertain any plausible justification for Defendant's criminal activities that would make them "justified." Instead, the fact that Defendant was convicted of such criminal charges is sufficient evidence for this Court to conclude that Defendant was not justified under the circumstances of the case in committing such acts. Thus, Plaintiff, in relying upon Defendant's criminal convictions, has satisfied its burden of demonstrating that Defendant destroyed records from which Phar–Mor's financial condition might have been ascertained. Accordingly, Plaintiff's motion for summary judgment under § 727(a)(7) is granted.

In sum, Plaintiff's motion for summary judgment pursuant to § 727(a)(7) shall be sustained. Plaintiff's motion for summary judgment pursuant to § 523(a)(2)(B) and (6) and § 727(a)(2) and (3) is overruled.