**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0090n.06
Filed: February 6, 2006

**04-4417**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: MICHAEL MONUS, Debtor. | ) | |
| | ) | |
| | ) | |
| GIANT EAGLE, INC., and GIANT EAGLE | ) | |
| OF DELAWARE, INC., | ) | |
| | ) | ON APPEAL FROM THE BANKRUPTCY |
| Appellees, | ) | APPELLATE PANEL OF THE UNITED |
| | ) | STATES COURT OF APPEALS FOR |
| v. | ) | THE SIXTH CIRCUIT |
| | ) | |
| MICHAEL I. MONUS, | ) | |
| | ) | |
| Appellant. | ) | |

Before: NELSON, DAUGHTREY, and ROGERS, Circuit Judges.

PER CURIAM. Debtor Michael I. Monus appeals the judgment of the Bankruptcy Appellate Panel affirming the bankruptcy court's grant of summary judgment on the claim presented by Giant Eagle, Inc., and Giant Eagle of Delaware, Inc. In his *pro se* brief before this court, Monus assigns several errors to the opinion of the appellate panel, including its application of collateral estoppel to the present case and its rejection of Monus's "clean hands" defense.

The dispositive facts of this case, as explained in the opinions of the bankruptcy court and the appellate panel, are not disputed by either party. Prior to his instigation of

this bankruptcy petition, Monus was president and chief operating officer of Phar-Mor Inc.,

a retail discount drug store chain with stores in multiple states. Between January 1989 and

July 1992, Monus participated in a fraudulent scheme, through which the profits of Phar-

Mor were falsely inflated by approximately $150 million dollars. During this period, Giant

Eagle made two large purchases of stock in Phar-Mor, for the aggregate sum of

$50,535,475.

Also not disputed is that Monus was convicted on a 109-count indictment, which

included charges of federal wire fraud, mail fraud, bank fraud, conspiracy to commit such

fraud, engaging in the interstate transportation of stolen property, filing a false tax return

and obstruction of justice. His criminal conviction was affirmed by this court on October 21,

1991. *See United States v. Monus*, 128 F.3d 376 (6th Cir. 1997). Phar-Mor filed for

bankruptcy in August 1992 under Chapter 11. Phar-Mor's Third Amended Plan of

Reorganization was confirmed on August 29, 1995. Under this plan, all stock in Phar-Mor

was cancelled, and Giant Eagle received no distribution. Monus filed a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code on September 24, 1992. The case was

converted to Chapter 7 on June 14, 1995.

In an adversary proceeding against Monus, Giant Eagle moved for summary

judgment, asking that its claim in the amount of $50,535,475 be excepted from Monus's

discharge under 11 U.S.C. §§ 523(a)(2)(B) or (a)(6). In the alternative, Giant Eagle asked

that Monus be denied a general discharge under 11 U.S.C. §§ 727(a)(2), (a)(3), or (a)(7).

The bankruptcy court determined that Monus's criminal conviction constituted proof by a preponderance of the evidence of all necessary elements under § 727(a)(7), namely that Monus transferred, removed, destroyed, or concealed property of Phar-Mor within one year before the date Phar-Mor filed for bankruptcy, and that Monus acted with intent to hinder, delay, or defraud Phar-Mor's creditors or an officer of Phar-Mor. *See Giant Eagle, Inc. v. Monus (In re Monus)*, 294 B.R. 707 (Bankr. N.D. Ohio, 2003). Under the principle of collateral estoppel, which applies in dischargeability actions under *Grogan v. Garner*, 498 U.S. 279 (1991), Monus was prevented from relitigating any issue that was necessarily decided in his criminal case. Thus, the bankruptcy court granted Giant Eagle's motion for summary judgment under §727(a)(7) and denied Giant Eagle's motion pursuant to all other sections of the Bankruptcy Code.

Monus elected to appeal to the appellate panel, and Giant Eagle filed a timely cross-appeal of the unfavorable disposition of their motion under §523(a)(2)(B). The panel affirmed the grant of summary judgment. In so doing, it rejected Monus's argument that Giant Eagle was precluded from seeking to block discharge of its claim by the equitable doctrine of unclean hands – Monus had alleged, without evidentiary support, that Giant Eagle had participated in Phar-Mor's fraudulent scheme. The appellate panel held that the equitable doctrine of unclean hands is not applicable in proceedings seeking to bar a debtor from receiving a general discharge under §727(a), noting that unlike an inquiry under a dischargeability proceeding under §523, which seeks to vindicate only a single creditor's debt, the inquiry in a proceeding under § 727(a) is directed toward protecting the integrity

of the bankruptcy system by denying discharge to debtors who engage in objectionable conduct that is of a magnitude and effect broader and more pervasive than a fraud on a single creditor. *See Giant Eagle, Inc. v. Monus (In re Monus)*, No. 03-8053, slip op. at 9-11 (B.A.P. 6th Cir. Sept. 27, 2004).

The appellate panel ruled that Monus's other argument, that the bankruptcy court erred in refusing to reopen discovery to permit him to seek information and documentation with which to respond to Giant Eagle's motion for summary judgment, had not been preserved for appeal. The panel did not consider Giant Eagle's cross-appeal regarding the denial of summary judgment under §523(a)(2)(B).

After examining the record on appeal, the briefs of the parties, and the applicable law, we conclude that the appellate panel correctly analyzed and decided the issues before it. We therefore AFFIRM the decision by the Bankruptcy Appellate Panel, filed on September 27, 2004, for the reasons set out in that opinion.